JOHN H. McPHILLIPS *v.* MICHAEL McPHILLIPS.

Guardians appointed by will may be removed by courts of probate, in the same manner and to the same extent, as may guardians appointed by such courts of probate.

APPEAL from a decree of the Court of Probate of Cumberland, removing the appellant from the guardianship of Margaret J. Phillips, to which he had been nominated by the will of her father.

· *C. P. and H. H. Robinson, for the appellant,* contended that, being a testamentary guardian, he was not removable by a court of probate, and presented the following points:—

I. The statutes recognize two classes of guardians. (a.) Those appointed by will. Rev. St. ch. 138, § 1. (b.) Those exercising authority derived from the Court of Probate. Rev. St. ch. 138, § 2. The class (b.) contains three descriptions of guardians. 1. When the Court of Probate *appoints* the guardian, the minor being under 14 years. Rev. St. ch. 138, § 3. 2. When said court *approves* the guardian, the minor being over 14 years, and by law authorized to *choose* his guardian, subject to such approval. Rev. St. ch. 138, § 4. 3. When the ward is idiotic, *non compos,* &c. Rev. St. ch. 138, § 7.

II. Powers not vested in probate courts, nor incidentally necessary to the exclusion of such vested authority, cannot be exercised by said courts.

III. The power of removal of guardians vested in courts of probate in section 11, chapter 138, and section 22, chapter 151 of the Revised Statutes, refers solely to the second class of guardians,—those *appointed* or *approved of* by said court.

IV. When the guardian is appointed by will, the Court of Probate at most has only power to see to the proper giving of bond ; and not that, if the will otherwise direct. He even *accounts*, says the statute, " to his ward, whenever he shall arrive at the age of twenty-one years,"—not to the Court of Probate. Rev. St. ch. 138, § 9.

V. The power of removal of such guardians as are appointed by will, is in the Supreme Court sitting in equity, and not in the Court of Probate. Blackstone's Com. Chitty's Ed. § 463 and note ; Adams's Eq. 5th Am. Ed. p. 549 *et seq.*

*Aldrich* and *Jenckes, for the appellee, contra.*

BRAYTON, C. J.   The question raised at the hearing in this case was, whether a testamentary guardian is removable by the Court of Probate.

Chapter 138 of the Revised Statutes of " Guardian and Ward," section 1, authorizes every person who by law can make a will, to appoint, by his will, a guardian for his children during their minority.   In a subsequent section provision is made for the appointment of guardians to minors under fourteen years of age, to be made by the Court of Probate.   It is there provided that minors above fourteen years of age may nominate their guardians, to be appointed by the Court of Probate.   It is there further provided that the Court of Probate may appoint guardians of persons who may be idiot, lunatic, *non compos mentis*, or who by want of discretion in managing their estates are likely to bring themselves to want, etc.

Section 9 then provides that every guardian appointed by the court or appointed by will, (unless the will otherwise directs,) shall, before he proceed to act, give bond to the Court of Probate *appointing him ;* with condition : to return an inventory, faithfully and duly to discharge his trust, to render a just and true account of his doing therein, etc.   Section 10 makes this further provision, that the Court of Probate may require additional bond or sureties of any guardian *appointed or approved of* by them when they may think proper, and in case of neglect or refusal to give the same, may *remove such guardian.*

Section 11 provides that the Court of Probate may also remove

any *such guardian* who by reason of absence, sickness, insanity, or other cause, shall become incapable of executing his trust, or who shall neglect or refuse to do the duties thereof, or who shall waste the estate of his ward. The question raised is upon this section and upon the words therein, "such guardian," and it is claimed that these words are to be referred to the preceding section, and have the same meaning as is to be given to the same words "such guardian," and that they there mean any guardian appointed or approved by the Court of Probate, and do not include guardians appointed by will.

Following this provision in the chapter, are sections prescribing the duties of guardians, in terms which apply to all guardians which could be appointed under this chapter, whether by will or otherwise. Section 14 provides that upon the appointment or approval of any guardian as aforesaid, he shall give immediate notice thereof. Section 15, that he shall notify creditors. Section 16, that he shall exhibit an inventory. Other duties are prescribed in sections 17, 18, and 23. Section 29 makes it the duty of every guardian of the person, to take suitable charge of the person of his ward; and of every guardian of the property, to improve the estate frugally, and apply the profit and income to the support of the ward. Section 30 authorizes any and every guardian, if the personal estate be insufficient, to petition the Court of Probate for license to sell real estate of the ward for his support.

Now it will be seen that a testamentary guardian is required, before he can act, to give the same bond that every other guardian gives, with the same condition: to return an inventory, faithfully to discharge his trust, to render a just and true account whenever required by the Court of Probate to whom the bond is given. His duties to his ward are the same: to manage his estate frugally, and apply the income to his support. He is also to sell the real estate to make up any deficiency. He is alike to petition for leave to sell.

By chapter 151, section 23, he may, like every other guardian, be required to give further bond, by the court who took the bond originally, and if he refuse the further bond, may be re-

moved by that court. His bond may,.by chapter 151, section 27, be cancelled by the Court of Probate so as to relieve the sureties or the principal, and another bond may be required.

Being put, in these respects, on the footing of all other guardians, and alike removable for refusing to give further bond when required by the court, we wonder that a distinction should be made in the power of removal for other causes.

The " act respecting guardians," in the Digest of 1844, contains substantially all the provisions relating to and affecting other guardians, incluing the power to remove, that are contained in this chapter 138. The provisions in the Digest are not *preceded*, as in this chapter, by the power given to a testator to appoint by will a guardian for his children, but are followed by it. That provision was contained in the last section of the act. The power there is accompanied by a provision in these words : " He shall, before he proceed to act, give bond with sufficient sureties, and be accountable *in the same manner* as if *he had* been appointed by the Court of Probate." · This provision was first enacted in 1798.

We do not see in the order in which the several provisions are made to stand in this chapter of the revised statutes,—varying as it does in this respect from that of the act in the Digest of 1844, any evidence of an intent in the legislature to extend to testamentary guardians any exemption which they had not before. There may be some slight change of words. The general intent of it we can see, and to that 'we should give effect, unless prevented by the language.

This chapter requires a testamentary guardian to give bond to the court of probate appointing him. The former act required him to give bond, not expressly to any Court of Probate, but to give bond in the same manner as if he had been appointed by the Court of Probate. Every other guardian gives bond to the Court of Probate ; the same, then, must a testamentary guardian ; but to what Court of Probate ? The act is providing for a guardian appointed by will, or instrument, which must be proved and approved in some Court of Probate, and to that court we must look as the one to whom the bond was, in the contempla-

tion of the act, to be given, in the same manner as if the guardian himself had been appointed there ; and this has been the uniform construction of the proviso since its enactment, and the bond has always, in such cases, been given to the Court of Probate approving the will, as if that court had appointed the guardian by their own express decree, and not merely approved the instrument by which the appointment was in fact made. We see that this must be the construction to be given to section 9 of this chapter. If we do not give it, it is utterly void, and then there is nobody authorized to take what is expressly required to be given. The court is, for the purpose of the act, to be deemed the court appointing the guardian. The next provision, section 10, naturally follows, that any Court of Probate may require additional bond of any guardian appointed or approved by them, and may remove any such upon his neglect or refusal to give the same.

Section 23, of chapter 151, relating to the jurisdiction of courts of probate, is a provision, in part material, substantially like this, giving to the Court of Probate power, whenever a guardianship bond (i. e. bond of any guardian) shall be found insufficient, to require further bond, and, in case of neglect to give such further bond, to remove the guardian. Why limited in chapter 138, and unlimited in chapter 151 ? It cannot be intended that the power should be given to the court to remove one who was not removable.

The terms " appointed and approved," in section 10 of chapter 138, are evidently not used in a strict technical sense more than in section 9. The court act as if they had appointed, and not simply proved and approved the instrument by which the appointment was actually made.

And so by section 11, such guardians,—which is in effect all guardians,—who give bond to the Court of Probate, may be removed as well for the causes set down in that section, as for refusal to give additional or further bond when required by the court so to do. The removal of such guardians for this cause is equally necessary as for any other. There is no person capable of executing the trust necessary to be executed.

Moies v. Sprague, administrator.

We cannot give effect to the provisions of this chapter without this construction; and our conclusion is that a testamentary guardian is removable by the Court of Probate as is any other guardian, for the causes set down in section 11; and being of opinion, upon the evidence before us, that the guardian in this case is incapable of properly executing that trust, our judgment is, that the decree of the Court of Probate removing him be affirmed.

*Decree affirmed.*