ALVERO O. HOPKINS, Appt., *vs.* CYNTHIA E. RICHMOND, by next friend.

MAY 28, 1909.

PRESENT: Dubois, C. J., Blodgett, Johnson, Parkhurst, and Sweetland, JJ.

(1) *Probate Appeal. Amendment of Petition.*

In a probate appeal upon a petition for removal of a guardian, the petition can not be amended in a matter of substance so as to include something which might be the basis of another proceeding in the Probate Court.

(2) *Probate Appeal. Evidence.*

In a probate appeal upon a petition for removal of a guardian, evidence tending to prove a charge not contained in the petition is inadmissible.

PROBATE APPEAL. Heard on exceptions of appellee, and overruled.

PER CURIAM. There is no merit in either the fifth or sixth exceptions of the appellee, the only ones which have been established by the court.

As to the fifth exception, the justice of the Superior Court who heard the case refused to allow the appellee to show that the appellant had never returned the inventory required by law to the Probate Court, because no allegation of that fact

was contained in the petition for removal of said guardian,. and also declined to allow the appellee to amend said petition so as to include such an allegation. We are of the opinion that the ruling of the court was correct. The petition was the foundation of this proceeding, and the fundamental petition can not be amended in the Superior Court in the matter of substance so as to include something that may be the basis of another proceeding in the Probate Court. And clearly, a party may not be allowed to offer evidence tending to prove a charge not contained in the original petition.

The sixth exception substantially alleges that the decision is against the evidence. While the testimony relating to misconduct on the part of the guardian was conflicting, as might well be expected in a case of this kind, a careful reading of the testimony convinces us that the learned judge who saw and heard the witnesses reached a correct conclusion.

The appellee's exceptions are therefore overruled, and the case is remitted to the Superior Court with direction to enter a decree in accordance with its decision, and for further proceedings.

*Waterman, Curran & Hunt,* for appellant.
*Samuel W. K. Allen,* for appellee..