PHEBE ROULLARD, Appellant *vs.* WILLIAM H. McSOLEY, Appellee.

APRIL 18, 1934.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

STEARNS, C. J.   This case was heard (1) on motion of the appellee that the appellant's claim of appeal be dismissed and (2) on the exceptions of the appellant to certain rulings on evidence at the trial in the Superior Court and to the direction of a verdict affirming the decree of the probate court.

May 29, 1933, Woodrow W. Welch, being then 16 years of age, petitioned the probate court of Cranston to appoint William H. McSoley, Esq., as guardian of his person and estate.   (G. L. 1923, C. 372, s. 3.)   After a hearing at which no objection was made the petition was granted and the guardian filed a bond for $10,000.   The appellant, Phebe Roullard, the maternal grandmother of the ward, appealed to the Superior Court from the decree of the probate court.   In the Superior Court a motion to dismiss her appeal was denied and exception to such denial was duly taken by the appellee.

The question raised in the Superior Court and in this court by the motions to dismiss is whether the appellant is entitled to an appeal under the provisions of G. L. 1923, Chap. 362, Section 1 which provides that:   "Any person aggrieved by an order or decree of a court of probate may, unless provisions be made to the contrary, appeal therefrom to the superior court for the county in which such probate court is established, by taking the following procedure . . ."   Is the appellant "aggrieved" by the decree of the probate court within the meaning of the statute?   A guardian of minor children appointed by will may be removed in the same manner and for the same cause as may other guardians appointed by the court.   *McPhillips* v. *McPhillips*, 9 R. I. 536.   The guardian in this case although

nominated by the ward was appointed by the court and is subject to the same control as any other guardian. The State by its legislation exercises supervision and control over the person and property of infants and it is the duty of the courts to protect their interests.

In the instant case the ward is an infant and an orphan; he has no brothers or sisters. His grandmother, his nearest relative, took much of the care of him during his mother's lifetime and until her death which occurred May 25, 1933. The grandmother's relation to him, although not exactly *in loco parentis*, is, in some respects, of that character. See *McGarr v. National & Providence Worsted Mills*, 24 R. I. 447.

Section 5 of Chapter 105, G. L. 1923, provides: "The kindred of any such poor person, if any he shall have, in the line or degree of father or grandfather, mother or grandmother, children or grandchildren, by consanguinity, or children by adoption, living within this state and of sufficient ability, shall be holden to support such pauper in proportion to such ability." If the estate of the ward is wasted by the guardian, the obligation to support the ward is imposed upon the grandmother by the statute. Her interest in the guardianship is not general or remote; it is particular and immediate. In addition to the potential financial liability she has a natural interest in the selection of a proper person to supervise the training and education of her grandson. The continuance of this personal interest is beneficial, both to the ward and to the State. To decide that one having such interests in the appointment of a guardian can not be legally "aggrieved" by the appointment of an incompetent or unsuitable guardian would tend to defeat the very purpose of the statute which is to secure a proper guardianship.

Section 17 of Chapter 372 provides that the court may remove any guardian appointed or approved by it who shall waste the estate of his ward or for other cause. To fully protect the infant ward it is necessary to permit some one who is related to such ward to take action, when necessary,

to have the guardian removed, as the court often is not informed as to the conduct of the guardian. If the appellant can not question the appointment of the guardian she can not move for his removal for cause.

In *Tillinghast* v. *Brown University*, 24 R. I. 179, it is stated that the rule generally adopted in construing statutes on the subject of appeals of this kind is that a party is aggrieved by the judgment or decree when it operates on his right of property or bears directly on his interest; that the word "aggrieved" refers to a substantial grievance, a denial of some personal or property right or the imposition upon a party of a burden or obligation. The court decided that an appeal did lie from the decree of a probate court directing the executors of a will to file an inventory and account of an estate, not because the decree operated on the property rights of the appellants but because it imposed a burden or obligation which might impose pecuniary loss or expense.

This definition has been cited with approval in subsequent cases and is helpful as an aid to construction, but it is not so clear and precise as to be decisive of every case under the statute. Thus, in *Hall* v. *Burgess*, 40 R. I. 314, it was decided that an administrator is a person "aggrieved" and hence entitled to appeal from a decree of the probate court dismissing his petition for permission to pay a reasonable sum for the perpetual care of the cemetery lot in which the body of his intestate was buried; that to maintain an appeal it is not necessary that the administrator should have suffered a grievance as to his own personal or property rights. It is sufficient if he has suffered a grievance in his representative capacity.

We are of the opinion, and so decide, that the appellant has an interest in the guardianship of the infant ward which entitles her to an appeal under the statute. The motion to dismiss the claim of appeal is denied.

The reasons of appeal to the Superior Court are that the probate court erred in the appointment of Mr. McSoley.

The exceptions to the rulings on the admission of evidence raise but one question and will be considered together.

The evidence rejected by the trial court was offered to prove the unfitness of the appointment of the guardian by evidence of his neglect and misconduct in the supervision of his ward and in the management of his estate subsequent to the appointment of the guardian. There is no evidence that the guardian was not a suitable person for his trust at the time of the appointment. The objection of the appellant is to the discharge of his duties as guardian. The remedy for a breach of his duty is removal by the probate court. (C. 372, s. 17.) The appellee on an appeal cannot change the issue decided by the probate court from one of the appointment of a guardian to one of removal for misconduct as such guardian. See *Hopkins* v. *Richmond,* 29 R. I. 527. The rulings on evidence were correct. The direction of the verdict was correct as there was no evidence to. support the appeal.

All of appellant's exceptions are overruled and the case is remitted to the Superior Court for further proceedings following the verdict.

*Archambault & Archambault,* for appellant.
*William H. McSoley, Louis V. Jackvony,* for appellee.