## MOULTON v. CHAFEE and others.

*(Circuit Court, D. Rhode Island. October 22, 1884.)*

1. SPECIFIC PERFORMANCE—PARTIES—TRUSTEE'S SALE.

    A bill of specific performance, filed by a purchaser at auction sale of land by a trustee, is founded upon a contract between complainant and the trustee; and other parties in interest, who are strangers to the contract, should not be made parties defendant.

2. SAME—DEFECTS IN TITLE—CONDITIONS OF SALE.

    In such a case, the printed conditions of sale govern the contract; and where they do not state any defect in the title, or purport to convey only the trustee's right, title, and interest, the purchaser has a right to expect and demand a good title.

3. SAME—EVIDENCE OF TITLE.

    It is not sufficient for the trustee to show the validity of the conveyance under which he claims title, but he must go further, and make out a good title, where such a title is called for by the terms of sale, and the cause may stand over for the purpose of allowing the trustee to take further evidence as to title, and to obtain possession of the estate.

4. SAME—DECISIONS OF STATE COURT—VALIDITY OF DEED.

    As the federal courts are bound to follow the decision of the highest court of the state in the construction of a state statute, the deed in question in this case must be *held* valid; following *Austin* v. *A. & W. Sprague Manuf'g Co.* Index U, p. 12.

In Equity.

*A. & A. D. Payne* and *A. M. Cunningham,* for complainant.

*C. Frank Parkhurst, Jas. Tillinghast, Chas. Hart, Benj. F. Thurston,* and *A. B. Patten,* for defendants.

COLT, J. This is a bill for specific performance. The complainant is the purchaser, at auction sale, of a certain estate in South Kingstown, Rhode Island, known as "Canonchet," from the defendant Chafee, as trustee. The difficulty with the bill in its present form is that it is brought against other defendants, who are strangers to the contract, on the theory that, in determining the question of title, it is proper, in an action of this character, to join all parties who claim any interest in the estate, and thus bind them by the decree. This position, however, is not maintainable. This action is founded upon a contract between the complainant and the defendant Chafee, trustee. Strangers to that contract cannot properly be made parties in a suit for its enforcement. This appears to be a well-settled and fundamental rule of equity pleading.

When a bill is filed for a specific performance, it should not be mixed up with a prayer for relief against other persons claiming an interest in the estate. *Mole* v. *Smith,* Jac. 490. The court assumes jurisdiction in cases of specific performance of contracts, says Chancellor COTTENHAM in *Tasker* v. *Small,* 3 Mylne & C. 69, "because a court of law, giving damages only for the non-performance of the contract, in many cases does not afford an adequate remedy. But in equity, as well as at law, the contract constitutes the right, and regulates the liabilities of the parties; and the object of both pro-

ceedings is to place the party complaining as nearly as possible in the same situation as the defendant had agreed that he should be placed in. It is obvious that persons, strangers to the contract, and therefore neither entitled to the rights nor subject to the liabilities which arise out of it, are as much strangers to a proceeding to enforce the execution of it as they are to a proceeding to recover damages for the breach of it." This language is quoted with approval by the supreme court in *Willard* v. *Tayloe*, 8 Wall. 557, 571. See, also, 1 Sugd. Vend. 349; Fry, Spec. Perf. § 79; *De Hoghton* v. *Money*, L. R. 2 Ch. App. 164. The bill must be dismissed as to all defendants except Chafee, trustee.

Confining ourselves to the parties to the contract, the question remains whether there should be a decree of specific performance against Chafee and in favor of the complainant. The first inquiry here is, what title must Chafee show? We are of opinion that by the terms of the contract he must make out a good title. The printed conditions of sale govern the contract. They do not state any defect in the title, or purport to convey only the trustee's right, title, and interest. The purchaser had, therefore, a right to expect and demand a good title. In contracts for the sale of real estate an agreement to make a good title is always implied, unless the liability is expressly excluded, and verbal declarations at the time of sale are inadmissible to contradict the conditions of sale. 1 Sugd. Vend. 23, 24.

The next inquiry is, does Chafee show a good title? He claims to derive title under a deed from the A. & W. Sprague Manufacturing Company, William Sprague, Amasa Sprague, Mary Sprague, Fanny Sprague, and A. & W. Sprague, copartners, in which this estate, with others, is conveyed to him upon certain trusts. In our opinion the trust deed sufficiently describes this estate, and the sale was made under the authority of the supreme court of Rhode Island. The validity of the trust deed is, however, attacked on two grounds. It is declared to be void because not legally authorized by the A. & W. Sprague Manufacturing Company. After the various acts going to show a ratification on the part of the grantors, added to the fact that all but a small fraction of the creditors accepted in good faith the notes issued under the deed, the length of time that has elapsed, and the equities that have intervened, the proposition that this instrument is void because unauthorized can hardly be seriously entertained in a court of equity. *Hotel Co.* v. *Wade*, 97 U. S. 13; *Dimpfel* v. *Railroad Co.* 8 Reporter, 641; *Railway Co.* v. *McCarthy*, 96 U. S. 258.

Again, it is said the deed is void as to creditors. This objection is of a more serious character. But we are relieved from deciding this question by the fact that the supreme court of Rhode Island, upon careful consideration, has recently held that the deed was not void under section 1 of chapter 173 of the Public Statutes of Rhode

Island, as a conveyance made with intent to delay, hinder, or defraud creditors. *Austin* v. *A. & W. Sprague Manuf'g Co.* Index U, p. 12. The federal courts are bound to follow the decision of the highest court of the state in the construction of a state statute. *Leffingwell* v. *Warren*, 2 Black, 599; *Walker* v. *State Harbor Com'rs*, 17 Wall. 648; *Fairfield* v. *County of Gallatin*, 100 U. S. 47, 52. With this decision of the state court must fall those claims of title based upon execution sales under attachments made subsequent to the date of the trust deed.

The evidence shows that the conveyance to Chafee was made in good faith; the grantors undoubtedly expecting at the time, by this means, to pay their creditors in full without exhausting the whole property. It is clear that William Sprague, by virtue of this conveyance, is estopped from setting up any claim of title by adverse possession as against the trustee. It is not sufficient, however, for the trustee to show the validity of the conveyance under which he claims title. He must go further and make out a good title. The evidence on this point is defective. But from all that appears this can be done. It is necessary, also, that the trustee should give the complainant possession of the estate. This is called for by the terms of sale, and is properly demanded by the contract. Under the circumstances, the cause may stand over for the purpose of allowing the trustee to take further evidence as to title, and to obtain possession of the estate. 1 Sugd. Vend. 527.