REUBEN C. BURDICK *et ux. vs.* ALBERT BURDICK *et als.*

A conveyance by A. of land in the adverse possession of B. is ineffectual to pass title. This rule is not affected by Pub. Stat. R. I. cap. 214, § 47.

EXCEPTIONS to the Court of Common Pleas.

*Providence, December* 15, 1884. PER CURIAM. The exceptions are not entirely explicit, but, as we understand them, the purport of them is this, that the court below found as a matter of fact that the land in suit was in the adverse possession of the defendants at the time the deed from Horatio N. Kenyon, under which the plaintiffs claimed title to it, was executed, and thereupon decided that the deed was ineffectual to pass the legal title. The decision was in accordance with the law as it has been frequently recognized by this court. *Campbell* v. *The Point St. Iron Works*, 12 R. I. 452. The statute, Pub. Stat. R. I. cap. 214, § 47, does not affect the question. It simply relieves a plaintiff in ejectment or trespass and ejectment, who is entitled to such estate as he claims and has a right of entry, from the necessity of proving an actual entry in certain cases in which, without the statute, he would have had to prove it in order to recover. *McCann* v. *Rathbone*, 8 R. I. 297 ; *Stearns* v. *Harris*, 8 Allen, 597 ; *Barry* v. *Adams*, 3 Allen, 493.                    *Exceptions overruled.*

*Nathan F. Dixon*, for plaintiffs.

*A. B. Crafts*, for defendants.