### BRYANT *et al.* v. THOMPSON *et al.*

(*Supreme Court, General Term, Fifth Department.* April 16, 1891.)

CONTEST OF WILL—RIGHT OF APPEAL

> In an action brought by executors to determine whether a bequest given by the will in trust for a daughter of testator had been revoked by a contest of the probate made on her behalf the widow of testator, who became entitled to such bequest if it was so revoked, declined to become a plaintiff, and was made a defendant. *Held,* that under Code Civil Proc. N. Y. § 1294, giving a right of appeal to "a party aggrieved," the executors might appeal from a judgment that the bequest was not revoked.

Motion to dismiss appeal.

Defendant Harriet F. Tracy Thompson moves to dismiss the appeal taken by plaintiffs. See report of decision on the appeal, ante, 28. Code Civil Proc. N. Y. § 1294, provides: "A party aggrieved may appeal * * * except where the judgment or order of which he complains was rendered or made upon his default."

Argued before DWIGHT, P. J. and MACOMBER and CORLETT, JJ.

*John E. Parsons* and *Charles Robinson Smith*, for the motion. *John G. Milburn*, opposed.

MACOMBER, J. The motion to dismiss the appeal of the plaintiffs is made upon the ground that the appellants are not parties aggrieved within the meaning of section 1294 of the Code of Civil Procedure. This action was brought to obtain a judicial construction of portions of the last will and codicils of Francis W. Tracy, deceased, and for instructions in regard to the plaintiffs' duties as trustees under such will. The plaintiffs, together with the defendant Agnes Ethel Tracy, are the executors and trustees. The testator died on the 15th day of April, 1886, leaving a last will, with four codicils

thereto. There survived him his widow, Agnes Ethel Tracy, and his only
child and heir at law, Harriet F. Tracy Thompson, the respondent, the latter
an infant between 18 and 19 years of age at the time of her father's death.
The testator left a large estate, consisting of both real and personal prop-
erty. By the terms of the second item of the second codicil, the sum of
$100,000 was set apart and placed in the hands of the trustees, the income of
which, or the greater portion thereof, was directed to be paid to the daughter
during her life-time. By the fifth paragraph of the same codicil, in case his
daughter, either personally or by another, contested the probate of the will,
all provisions made for her were to be revoked, and the bequest bestowed
upon the widow. The special guardian appointed by the surrogate of Erie
county did contest, though unsuccessfully, such probate. This action is
therefore brought by two of the executors and trustees under the will to de-
termine whether the bequest to the daughter still stands, or whether it was
not revoked by the contest of the will made in her behalf by her special guard-
ian. For a fuller statement of the facts I refer to our opinion, herewith
handed down, in this case upon the question of the validity of the revoking
clauses of the will. The widow, declining to become a party plaintiff from
considerations of family delicacy, was made a defendant, both individ-
ually and as in her representative capacity; but she has not made answer, or
otherwise defended the action. Her pecuniary interests obviously lie with the
claim made by the plaintiffs, for, if their contention be legally correct, a judg-
ment in their favor would inure wholly to her benefit. This motion was not
brought to a hearing until the merits of the appeal were argued, and both
questions were presented together, but in separate briefs, counsel sending in
additional or supplementary briefs upon the motion since the adjournment of
the court. The practice of making special motions to dismiss appeals upon
the ground stated ought not to be encouraged; for if, upon examination of
the principal case, it is found that the appellants had no standing in court, it
would be our duty to dismiss the appeal without the intervention of motion
made by the respondent on notice. It is only where time may be gained and
the appeal disposed of before the case in chief can be presented that a special·
motion to dismiss the appeal should be deemed available to the respondent,
and that, too, only in a clear case where the sole ground of the motion is that
the person appealing, though a party to the suit, has no interest in the ques-
tion presented by the appeal. The motion, however, should be denied on its
merits. No one could reasonably contend that the action itself was not nec-
essary, or properly brought. Careful trustees, under the circumstances pre-
sented by this case, could not be expected to incur the hazard of deciding to
whom they should pay over the income of this sum of $100,000. If they paid
it to the daughter the widow might make reclamation upon them, and *vice
versa.* Hence it is, in order to obtain a correct and binding execution of the
trusts and other provisions of wills, this court is clothed with that equity ju-
risdiction through which an authoritative decision of practical questions aris-
ing may be anticipated for the safety of the executor, trustee, *cestui que trust,*
or beneficiary. Article 6, § 6, of state constitution; 3 Pom. Eq. Jur. § 1156,
and cases there cited. Being entitled to bring this action in one branch of
this court for instructions in the premises, I know of no reason why the trus-
tees are not equally entitled to take the opinion of the general term of that
court, if in the exercise of their judgment and under advice of counsel they
see fit to do so. The expression "party aggrieved," used in the statute, does
not necessarily and in all cases mean a party who has a direct pecuniary in-
terest in the question, in the sense that if one construction of the will be
adopted he gets a bequest, and if another he does not. If under section 446
of the Code of Civil Procedure, relating to the joining of parties plaintiff, the
appellants "had an interest in the subject of the action and in obtaining the
judgment demanded," as they clearly had, how can it be said that they are

not "aggrieved" within section 1294, relating to parties to appeals, if they are advised that they should not be content with the decision of the special term, but should take the opinion of the general term as well? Having a cause of action in one branch of the court, there seems to be no reason, in the event of a decision there against the advice of counsel, why they should not be deemed "aggrieved," so as to enable them to demand the decision of the appellate branch of the court. The motion should be denied, with $10 costs.

All concur.