NELSON R. HALL, Admr., *vs.* JOHN E. BURGESS ET AL.

JUNE 13, 1917.

PRESENT: Parkhurst, C. J., Sweetland, Vincent, and Baker, JJ.

(1)  *Probate Law and Procedure.  Perpetual Care.*

Gen. Laws, 1909, cap. 318, § 4, provides that "An executor or administrator of a solvent estate may pay to a cemetery corporation or to a town or city a reasonable sum for the perpetual care of the lot in which the body of his testator or intestate is buried. The probate court may determine after notice the amount of such payment and to whom the same shall be paid."

*Held,* that it is the duty of a probate court under this statute in case of a solvent estate to determine the amount of the payment and to whom it should be paid and it is without jurisdiction to simply deny and dismiss a petition without taking the action which the statute contemplates. *Kenyon* v. *Kenyon,* 31 R. I. 270, distinguished.

(2)   *Probate Law and Procedure.   Persons "Aggrieved."*

An administrator is a person " aggrieved " and entitled to appeal from an order of a Probate Court, dismissing a petition for permission to pay a sum for perpetual care of the burial place of his intestate.

(3)   *Probate Law and Procedure.   Persons "Aggrieved."*

In order to maintain an appeal it is not necessary for an administrator to have suffered a grievance as to his own personal or property rights, but it is sufficient if he has suffered a grievance in his representative capacity.

PROBATE APPEAL.   Heard on exception of appellant to decision of Superior Court and exception sustained.

VINCENT, J.   This case is before us upon the appellant's exception to the decision of the Superior Court dismissing the appellant's appeal from a decree of the Probate Court of the Town of Warren.

Nelson R. Hall, administrator of the estate of Sarah W. Hall, late of the town of Warren, deceased, petitioned the probate court of that town for permission to pay to the South Cemetery Corporation a sum not exceeding one hundred dollars for the perpetual care of the burial lot in which the body of said Sarah W. Hall was interred. This petition was presented to said probate court in accordance with the provisions of Section 4 of Chapter 318 of the General Laws of Rhode Island, 1909, which said section reads in part as follows: " An executor or administrator of a solvent estate may pay to a cemetery corporation or to a town or city a reasonable sum for the perpetual care of the lot in which the body of his testator or intestate is buried.   The probate court may determine after notice the amount of such payment and to whom the same shall be paid."

The petition was heard by the Probate Court of the Town of Warren and an order or decree was entered denying and dismissing the same.   The administrator took an appeal to the Superior Court where the re-

spondents filed a motion to dismiss. This motion was heard and a decision was rendered by the Superior Court dismissing the appeal and a decree was entered in accordance therewith. The case is now before us on the plaintiff's exception to this decision.

The question presented for our consideration is, Has a probate court jurisdiction to deny the petition of an administrator of a solvent estate, asking for permission to pay to a cemetery corporation a reasonable sum for the perpetual care of the lot in which the body of his intestate is buried?

It does not appear to be disputed that the estate of Sarah W. Hall was solvent; that the South Cemetery Corporation was an existing cemetery corporation transacting the business for which it was incorporated; that the body of Sarah W. Hall was buried in a lot in said cemetery or that the sum sought to be appropriated for perpetual care was reasonable.

The statute provides that an administrator of a solvent estate may pay to a cemetery corporation a reasonable sum for the perpetual care of the lot in which the body of his intestate is buried, and that the probate court may determine, after notice, the amount of such payment and to whom the same shall be paid.

We think, that under the statute, it was the duty of the probate court in this case to determine the amount of the payment and to whom the same should be paid, and that it was without jurisdiction to simply deny and dismiss the petition without taking the action which the statute contemplates.

The appellee contends that the administrator having seem fit to petition the probate court for permission to pay the cemetery company a certain sum of money for perpetual care and the probate court after hearing the evidence having denied and dismissed the petition, that such action of the probate court is final and cannot be

appealed from, and he cites in support of such contention. *Kenyon* v. *Kenyon,* 31 R. I. 270.

If the probate court had entered a decree fixing the amount and determining to whom it should be paid it would have been acting within the scope of its powers as defined by the statute and it might then be argued that such action was conclusive. The probate court, however, did not so act, but in effect denied the right of the appellant to pay to any corporation any sum of money for perpetual care.

The case of *Kenyon* v. *Kenyon, supra,* is, we think, readily distinguishable from the case at bar. In that case the administrator filed an account in which appeared two items, one relating to a monument to be placed at the grave of the decedent and the other to the perpetual care of the lot in which the decedent was buried. This lot was on the family farm. There was no petition under the statute requesting that the amount be fixed for perpetual care and for the designation of some corporation, town or city to which the amount when fixed should be paid. The administrator desired the probate court to say what amounts should be carried out against the two items in question and permit him to retain the same in the settlement of his account, trusting to him to see that the money was properly appropriated at some later time.

It is quite evident that the statute does not contemplate a payment to a cemetery corporation or to a town or city for the perpetual care of a burial lot located on the decedent's farm, and the probate court would have been fully warranted in denying the request of the administrator to fix the amount of the items on that ground as well as upon others. The administrator in the *Kenyon* case was asking the probate court to allow him to charge off in his account sums of money which he admittedly had not expended and at the same time to treat them as having been disbursed.

. In the case at bar the administrator proceeded in accordance with the statute, and had the probate court properly discharged its duty it would have fixed the amount to be expended for perpetual care and designated the corporation to whom it should be paid. Then the administrator could have paid out the sum determined upon, obtained the proper voucher therefor, and rendered his account thereof to the probate court in the regular way.

The appellee argues that the administrator, if he was acting in good faith, might have paid the sum of one hundred dollars to the South Cemetery Corporation and charged the same in his account under Section 4, Chapter 318 of the General Laws, 1909, and the probate court would have been obliged to allow the same if the payment was found to be reasonable. If the administrator had pursued that course he would have become personally liable for any difference which might have arisen between the sum paid out and the sum which the probate court might later fix as a reasonable sum. It is evidently one purpose of the statute to relieve an administrator from the necessity of assuming such a liability.

The appellees further contend that the administrator is not a " person aggrieved " within the meaning of said (2) Section 1, Chapter 311 of the General Laws, for the reason that the order or decree of the probate court does not operate upon his property rights or bear directly upon his interests, he having in no way suffered a grievance as to his own personal or property rights, and they cite in support of that contention *Tillinghast* v. *Brown University,* 24 R. I. 179 and *McKenna* v. *McKenna,* 29 R. I. 224.

In *Tillinghast* v. *Brown University, supra,* it was held that executors are persons aggrieved by a decree of a probate court directing them to file an inventory and account of an estate, and in its opinion the court said:

" No person can be said to be ' aggrieved ' by an order which, without affecting his rights of property or impairing his interest, simply facilitates the decision of the questions before the court.

" The rule generally adopted in construing statutes on this subject is that a party is aggrieved by the judgment or decree when it operates on his rights of property or bears directly upon his interest. 2 Cyc. L. & P. 633. The word ' aggrieved ' refers to a substantial grievance, a denial of some personal or property right or the imposition upon a party of a burden or obligation."

We see nō reason for criticising or modifying the language employed in the decision of that case. It means that a person to be aggrieved must be one who has an actual and practical, as distinguished from a mere theoretical, interest in the controversy. The administrator is the personal representative of the decedent, charged with the management of the estate according to law and for the best interests of those who may be entitled to share in its benefits. To say that an administrator is not aggrieved, and, therefore, has no right of appeal from a decree which he deems to be unjust, unwarranted, and detrimental to the estate which has been confided to his care, would be to deny him the performance of a plain duty devolving upon him through his appointment and his acceptance of the trust. We do not think it is necessary for an administrator, in order to maintain an appeal, to have suffered a grievance as to his own personal or (3) property rights. It is sufficient if he has suffered a grievance in his representative capacity.

The case of the *Rhode Island Hospital Trust Co.* v. *Hopkins,* 38 R. I. 59, and the cases therein cited seem to furnish substantial support to the proposition that executors and trustees have sufficient interests in the estates which they represent to bring them within the classification of persons aggrieved and therefore entitled to

maintain an appeal. In *Bryant* v. *Thompson,* 59 Hun, 627, it was held that the term " aggrieved " does not necessarily in all cases mean a party who has a direct pecuniary interest in the question, and hence executors having no direct interest in a bequest may appeal from a judgment refusing to revoke such bequest, and in *Wiggin* v. *Swett,* 47 Mass. 194, it was held that an administrator *de bonis non* is a " party aggrieved " and may appeal from a decree allowing the account of his predecessor in the trust, since, as the balance in the hands of the former administrator is to be paid into the hands of the administrator *de bonis non* and constitutes assets, such administrator has a direct interest in increasing such balance.

The exception of Nelson R. Hall, administrator, to the decision of the Superior Court dismissing his appeal from the decree of the Probate Court of the Town of Warren is sustained; the decree of the Superior Court dismissing said appeal is reversed and the cause is remanded to said Superior Court for further proceedings in accordance with this opinion.

*Champlin & Harris,* for appellant.
*John Courtland Knowles,* of counsel.
*William H. McSoley,* for appellees.