Angelo Fusaro *et al. vs.* Francesco Varrecchione *et al.*

JUNE 2, 1930.

Present: Stearns, C. J., Rathbun, Sweeney, Barrows, and Murdock, JJ.

Rathbun, J. This bill in equity is before us on the respondents' appeal from a decree of the Superior Court commanding the respondents to remove from Barnes Court, a cul-de-sac in the town of West Warwick, a garage which they erected thereon nine years before the filing of the bill.

The complainants contend that they have; as an easement appurtenant to their adjoining land, a right of way over said court. Albert K. Barnes, who had said court delineated on a plat of land which he platted, was the common ancestor in title of both parties. The westerly end of said court, as delineated on the plat, terminates at the edge of the plat. There is no break in the border line of the plat to indicate an intention that said court might be used as a means of ingress and egress for a tract of unplatted land, adjoining the platted land, then owned by Barnes and now owned by the complainants. The plat was recorded December 10, 1885. Said tract, which contains about five acres, and another lot of land adjoining said tract on the north, was, on December 12, 1885, conveyed by Barnes to Joseph Richey, the complainants' ancester in title. The land conveyed was not bounded on a highway; and no mention was made in the deed of any right of way to a highway. Barnes at the time owned another lot of land—designated as

lot 6 on said plat—adjoining said tract of five acres on the north and extending to Fountain street—now Natick Hill avenue—a public highway. On May 29, 1886, Barnes conveyed to said Richey said lot designated as lot 6. We find no evidence tending to show that either Barnes or Richey ever used Barnes Court for any purpose and it is not clear that at the time of the conveyance of said tract of five acres there was any opening at the end of said court in the stone wall which surrounded said tract "on all sides". It does not appear that there was any "manifest and designed dependence" of said tract of five acres, "for its appropriate enjoyment", upon the use of said court. See *O'Rorke* v. *Smith*, 11 R. I. 259.

It is apparent that Richey obtained, as a result of the conveyance by the first deed from Barnes, an implied grant of a right of way of necessity to some highway over land of the grantor, Barnes. From December 12, 1885, to May 29, 1886, Richey had a right of way of necessity—over what land and to which highway it does not appear—but on May 29, 1886, when he received a conveyance of said lot 6, the necessity for a right of way of necessity no longer existed as the three lots conveyed by the two deeds were contiguous, and one was bounded on a highway.

"A right of way of necessity ceases when the necessity for its continuance ceases" by reason of the acquisition of land over which the owner of the dominant estate may pass to and from the highway. *Sweezy* v. *Vallette*, 37 R. I. at 54; *Valley Falls Co.* v. *Dolan*, 9 R. I. 489; *Collins* v. *Prentice*, 15 Conn. 39; *Russell* v. *Napier*, 82 Ga. 770; *Whitehouse* v. *Cummings*, 83 Me. 91; *Oliver* v. *Hook*, 47 Md. 301; *Abbott* v. *Stewartstown*, 47 N. H. 228; *Littlefield* v. *Mott*, 14 R. I. 288.

The trial justice in his rescript placed much emphasis upon a deed of May 11, 1891 from Barnes to Mary Carville of two lots abutting on said court. Said deed purports to "reserve a right of way through Barnes Court . . . to Joseph Richey his heirs and assigns . . . provided he the said Richey, his heirs and assigns shall keep shut and maintain

gates or bars at each end of said court or lane." Said justice, although appreciating that a reservation in favor of a stranger to the deed was void, was of the opinion that the word "reservation" might be construed as an "exception".

An effective exception in favor of Richey out of a grant to Carville could have been made only of a right of way previously granted to Richey and existing in him in 1891. Richey took nothing under the deed. See *Bartlett* v. *Barrows*, 22 R. I. 642. The most that it can be contended that Richey ever had was a right of way of necessity for a few months as we have above pointed out.

It did not appear that complainants or their ancestors in title acquired a right of way by prescription over said court. Such question was not an issue in the cause.

It appears that the deed conveying said tract of five acres to Richey was clear and unambiguous; that said deed contained no express grant of a right of way over said court; that any right of way of necessity which the complainants' predecessor in title may have had ceased to exist in 1886 and that complainants failed to establish a right of way in themselves over said court.

The appeal is sustained, the decree appealed from is reversed and the cause is remanded to the Superior Court with direction to dismiss the bill.

*Pettine, Godfrey & Cambio*, for complainants.
*Knauer & Fowler, DePasquale & Turano*, for respondents.