397 A.2d 503.

JOHN A. ADAMS *et ux vs.* UNITED DEVELOPERS, INC., *et al.*

JANUARY 29, 1979.

PRESENT: Bevilacqua, C.J., Joslin, Kelleher, Doris and Weisberger, JJ.

178

BEVILACQUA, C.J.   The plaintiffs brought this civil action against the defendants, Prestige Homes, Inc. (Prestige) and United Developer, Inc. (United), seeking reformation of a warranty deed conveyed to them by United. The case was tried before a justice of the Superior Court, and, after judgment was entered for the plaintiffs, Prestige appealed.

The record discloses that in January 1967, plaintiffs entered into a purchase and sale agreement with Prestige for a parcel of real estate in the city of Warwick. The contract contained no exceptions or reservations of an easement. The record owner of the parcel, however, was United. Subsequent to this agreement, construction began on the parcel adjoining plaintiffs' lot. During the course of construction, a driveway was built which passed over part of plaintiffs' parcel.

In September 1968, Prestige entered into a written agreement with plaintiffs for the construction of a home on their property. At this time the driveway from the adjoining lot had been completely installed. The record indicates that, during construction of plaintiffs' house, general conversations occurred regarding the possible shift of all the lot lines in the area from those displayed in the original plot description. Nevertheless, there is no evidence that plaintiffs were expressly told that the driveway constituted an easement on their property. It is undisputed, however, that the deed delivered to plaintiffs in November 1969 did reserve an easement for the driveway. Reluctant to create ill feelings with their neighbors, plaintiffs initially refrained from taking legal

recourse. The results of a later survey of their property, however, prompted plaintiffs to commence this action in November 1972.

The trial court ordered United, as the immediate grantor, to reform the deed to eliminate any easements. The order of reformation was based upon an initial finding that Prestige operated as United's agent, with authority to execute purchase and sale agreements on land owned by United. This properly authorized agreement operated to convey the parcel to plaintiffs, free of any easement.[1]

On appeal, Prestige argues that plaintiffs' awareness of the disputed driveway during the construction of their house and their failure to bring suit immediately upon discovering the reservation in the deed precludes them from maintaining the present action. Alternatively, Prestige contends that the terms of the purchase and sale agreement are too vague to allow specific enforcement. The plaintiffs' primary position is that because the Superior Court order of reformation operates only against United, Prestige cannot claim an appeal.

Unless an individual is qualified as an appellant, his purported appeal will be considered void. *Crofwell* v. *Goldstein*, 102 R.I. 356, 360, 230 A.2d 854, 857 (1967). The right to appeal in the present case is granted by G.L. 1956 (1969 Reenactment) §9-24-1, to "[a]ny party aggrieved" by a Superior Court action. This definitional section of the statute must be read in light of our long-established rule that a person is aggrieved by a judgment when it adversely affects, in a substantial manner, his personal or property rights. This principle was first enunciated in *Tillinghast* v. *Brown University*, 24 R.I. 179, 183-84, 52 A. 891, 892 (1902), and has been continuously relied upon by this court. *See*

---

[1]Because the purchase and sale contract made no reference to the easement, United was contractually bound to deliver a deed free from such encumbrance. *Moulton* v. *Chafee*, 22 F. 26, 27 (C.C.D. R.I. 1884). *See generally* 3A Corbin, *Contracts* §760 (1960).

*Vermette* v. *Cirillo,* 114 R.I. 66, 68, 328 A.2d 419, 420 (1974); *Ramsay* v. *Sarkas,* 110 R.I. 590, 593, 295 A.2d 416, 418 '(1972); *Paterson* v. *Corcoran,* 100 R.I. 475, 480, 217 A.2d 88, 91 (1966). Moreover, an aggrieved party is one whose interest in the lower court decision is actual and practical, as opposed to merely theoretical.[2] *Hall* v. *Burgess,* 40 R.I. 314, 319, 100 A. 1013, 1015 (1917).

Here, the adverse impact of the Superior Court judgment on Prestige is tangential and speculative at best. The court's reformation order is directed at United, the grantor, and not at Prestige. Prestige therefore suffers no immediate and direct loss as a result of the judgment.

It is argued that some loss to Prestige may occur as a result of the order, if coupled with possible subsequent litigation between United and Prestige. Prestige contends that the litigation would stem from the previous finding that an agency relationship existed between Prestige and United. Both parties would be bound by this finding under principles of collateral estoppel. *See Providence Teachers Union, Local 958* v. *McGovern,* 113 R.I. 169, 172, 319 A.2d 358, 361 (1974). Therefore, Prestige asserts, its legal rights have been sufficiently impaired to render it an aggrieved party. *See Stearns-Roger Corp.* v. *Hartford Accident & Indemnity Co.,* 117 Ariz. 162, 164, 571 P.2d 659, 661 (1977).

We do not agree. Prestige's argument overlooks the fact that an entirely separate issue of agency would be presented in an action between it and United. At issue would be Prestige's authority to prepare deeds for United and not its authority to execute purchase and sale agreements. The existence and scope of this agency relationship was never

---

[2]This court has recognized some instances where, in the interest of public policy, certain public authorities have been considered "aggrieved" in a representative capacity, notwithstanding the lack of personal harm. *See, e.g., East Greenwich Yacht Club* v. *Coastal Resources Management Council,* 118 R.I. 559, 566, 376 A.2d 682, 685 (1977); *City of East Providence* v. *Shell Oil Co.,* 110 R.I. 138, 142, 290 A.2d 915, 917 (1972); *Buffi* v. *Ferri,* 106 R.I. 349, 351, 259 A.2d 847, 849 (1969). The case before us, however, fails to present similar considerations.

determined in the prior action. Prestige's possible liability is far from concluded by the order of reformation. In a possible subsequent suit by United, Prestige remains free to litigate its authority to prepare the deeds.

Prestige further claims that the Superior Court order forces it to remove the driveway from plaintiffs' property. The judgment, however, merely ends the driveway's status as an easement. Responsibility for its removal, if desired by plaintiffs, must be determined by later litigation.

The judgment in the court below has such a speculative effect on the rights of Prestige that we believe it lacks the requisite interest to qualify as an appellant. *See Hall* v. *Burgess,* 40 R.I. 314, 100 A. 1013. In light of our holding, we deem it unnecessary to consider Prestige's remaining arguments.

The defendant's appeal is denied and dismissed, the judgment appealed from is affirmed, and the cause is remanded to the Superior Court.

*Breslin, Sweeny & Gordon, David F. Sweeney,* for plaintiffs.

*Manning, West, Santaniello & Pari, Paul M. Finstein, Joseph T. Pari, Robert W. Lovegreen,* for defendants.