John A. ADAMS et al.

v.

Eugene F. TORO et al.

No. 83-242-Appeal.

Supreme Court of Rhode Island.

April 24, 1986.

David F. Sweeney, Breslin & Sweeney, Providence, for plaintiffs.

John D. Lynch, Lynch, DiLuglio, Pannone & Costello, Warwick, for defendants.

OPINION

BEVILACQUA, Chief Justice.

This is a civil action in which the plaintiffs appeal from a judgment of the Superior Court denying their request for an injunction requiring the defendants to remove a portion of their driveway and a masonry column that encroach upon the plaintiffs' property.

The facts are as follows. The plaintiffs signed a purchase-and-sale agreement in January 1967 with United Developers, Inc., through its agent, Prestige Homes, Inc., for a parcel of land in Heritage Park located in Warwick. The plaintiffs' house was built on lot No. 36 in 1969. However, they did not receive a deed to the property until the house was completed in November 1969.

The defendants contracted to buy the lot (lot No. 37) adjacent to plaintiffs' from the same developers at about the same time but started construction on their house earlier than plaintiffs. According to testimony elicited at trial, defendants' home was completed in April or May 1967 and their semicircular driveway was installed before construction began on plaintiff's house. The defendant testified that he first became aware of the problem in 1972 when plaintiff asked him to remove the masonry column and that portion of the driveway that encroached on plaintiff's land. However, plaintiff testified that he first spoke with defendant about this matter in April or May 1970.

When plaintiffs finally received the deed to their property, it contained an easement in favor of defendants. The plaintiffs challenged the easement in a suit against United Developers, Inc., in 1972. In his decision, the trial justice required United to issue plaintiffs herein a reformed deed.

This decision was affirmed in *Adams v. United Developers, Inc.*, 121 R.I. 177, 179 N. 1, 397 A.2d 503, 505 N. 1 (1979) (citing *Moulton v. Chafee*, 22 F. 26, 27 (C.C.D.R.I. 1884)), where we stated that "[b]ecause the purchase and sale contract made no reference to the easement, United was contractually bound to deliver a deed free from such encumbrance." Although defendants were not a party to this suit, defendant testified that he was aware of it because he served as counsel for Prestige Homes, Inc., until the matter went to trial. Because our decision in *Adams* merely ended the driveway's status as an easement, plaintiffs were required to bring a separate action to compel the removal of the encroachment. The instant appeal follows the trial justice's denial of plaintiffs' request for injunctive relief in that matter.

The plaintiffs raise essentially two issues on appeal: (1) whether the trial justice erred in finding that plaintiffs have no title to that portion of lot No. 36 on which the driveway and masonry column are located; and (2) if plaintiffs hold valid title to the whole of lot No. 36, are they entitled to an injunction requiring defendants to remove the driveway and masonry column?

### I

The defendants readily concede that a portion of their driveway and a masonry column encroach on plaintiffs' land. However, defendants argue that they are entitled to maintain the encroachment on plaintiffs' property on the basis that plaintiffs delayed taking any action to oust defendants and that requiring defendants to remove a portion of their driveway would cause them a severe hardship.

Conversely, plaintiffs contend that the reformed deed that they received from the developer is valid and that the trial justice's reliance on *Burdick v. Burdick*, 14 R.I. 574 (1884), is misplaced. We agree.

*Burdick* offers no resolution to the dispute before us. In *Burdick* this court held *that* where one's property is being adversely possessed, a deed purporting to pass legal title to another party is ineffectual. Here, however, defendants do not claim to have title to the property on which their driveway and masonry column are located by adverse possession. In fact, defendants do not claim title to the property at all. The defendant testified that his deed contains no reference to an easement on lot No. 36 and that he does not claim to have title to the piece of land.

■ Despite the findings of the court below, the fact that defendants were already in possession of the property before plaintiffs received their deed does not compel the conclusion that plaintiffs were thereby ousted. On the contrary, the deed to lot No. 36 that plaintiffs received in 1969 granting an easement to defendants was invalid, and defendants took nothing under the deed. *See Fusaro v. Varrecchione*, 51 R.I. 35, 150 A. 462 (1930). The reformed deed given by the developer to plaintiffs eliminating the easement, as mandated by this court in *Adams*, established the correct boundary line between the two lots.

Therefore, we conclude that the trial justice erred in holding that plaintiffs did not have title to the triangular parcel of land on which defendants' driveway and masonry column are located.

### II

The defendants next contend that even if they do not have title to the triangular parcel of land, the driveway and masonry column should remain intact on the basis that plaintiffs delayed in notifying them of the encroachment or, in the alternative, that removal would constitute a severe hardship.

The plaintiffs argue, however, that they received their deed in November 1969 and brought the problem to defendants' attention shortly thereafter in 1970. According to plaintiffs, when their initial attempts to resolve the dispute with defendants proved unsuccessful, they brought suit in 1972. Furthermore, plaintiffs assert that they are legally entitled to an order compelling re-

moval of the encroachment notwithstanding the fact that defendants may incur financial expense.

Although defendants presented evidence that the cost to remove the driveway would be approximately $3,000, the trial justice did not consider this fact to be applicable to a resolution of the dispute. For this reason, he did not include in his decision a discussion of the balancing of the equities. This court has stated that as a general rule:

> "the owner of land is entitled to a mandatory injunction to require the removal of a structure that has been unlawfully placed upon his land, and the fact that such owner has suffered little or no damage because of the offending structure, or that it was erected in good faith, or that the cost of its removal would be greatly disproportionate to the benefit accruing to the plaintiff from its removal, is not a bar to the granting of coercive relief. *However, the existence of such circumstances may in exceptional cases move the court to withhold the coercive relief * * * ".* (Emphasis added.) *Santilli v. Morelli*, 102 R.I. 333, 338, 230 A.2d 860, 863 (1967).[1]

In the present case the record shows that the maintenance of the driveway and masonry column constitutes a continuing trespass. The testimony indicates that it would cost approximately $3,000 to remove the encroachment. However, there is nothing persuasive in the record of any circumstance that exists which would render such coercive relief inequitable or oppressive. Therefore, we conclude that it was an abuse of discretion by the trial justice to deny plaintiffs' requested relief and hold that plaintiffs are entitled to a mandatory injunction requiring the removal of the encroachment on their property.

The defendants' claim of laches is likewise unavailing. To warrant a conclusion of laches barring plaintiffs from the remedy that they seek, we must find not only that there has been some inexcusable delay in the assertion of their rights but also that such delay has placed defendants in a more unfavorable position. *Bochterle v. Saunders*, 36 R.I. 39, 44, 88 A. 803, 805–06 (1913).

Here, the record reveals that plaintiffs notified defendants in 1970 after having received their deed that the easement in favor of defendants was a mistake. Moreover, plaintiffs initially tried to resolve the dispute without resorting to the judicial system. The defendants were aware that plaintiffs were seeking relief by bringing an action against the developer in 1972. Although defendant testified that in 1970 or 1971 he installed underground sprinklers in the area in dispute, this did not place defendants in a more unfavorable position. Furthermore, defendants knew at all times that plaintiffs were attempting to terminate the encroachment on their property.

Therefore, we find that the plaintiffs' delay in instituting this action was neither so excessive nor so prejudicial to the defendants as to bar the plaintiffs from recovery on the basis of laches.

Accordingly, the plaintiffs' appeal is sustained, the judgment is reversed, and the case is remanded to the Superior Court for further proceedings consistent with this opinion.

SHEA, J., did not participate.

---

1. The rule will not apply in those exceptional cases where the rights of the landowner can be adequately protected without resort to injunctive relief that would operate oppressively and inequitably against the encroaching party.