February 25, 2021

Shirley Butler          :

v.                      :

Kari Gavek et al.       :

NOTICE:  This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email opinionanalyst@courts.ri.gov, of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Shirley Butler             :

v.                    :

Kari Gavek et al.         :

Present: Suttell, C.J., Goldberg, Flaherty, and Robinson, JJ.

## O P I N I O N

**Chief Justice Suttell, for the Court.** Under Rhode Island statutory law, does a petition for partition survive the death of a joint tenant? In this case, the trial justice, relying on well-established principles of common law, ruled that the plaintiff's demise terminated her interest in a joint tenancy, and she granted the defendants' motion to dismiss. It is our conclusion, however, that G.L. 1956 § 34-15-12 abrogates the common law right of survivorship in a joint tenancy when an action for partition is pending.

This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issue raised in this appeal should not be summarily decided. After considering the parties' written and oral submissions and reviewing the record, we conclude that cause has not been shown and that this case may be decided without further briefing or argument. For the reasons set forth in this opinion, we vacate the judgment of the Superior Court.

# I

## Facts and Travel

On August 1, 2018, the plaintiff, Shirley Butler (plaintiff), filed a partition action in Superior Court, requesting that the court partition property she owned in joint tenancy with the defendants, Clarence Butler (Butler) and Kari Gavek (Gavek) (collectively defendants). On September 20, 2018, defendants filed their answer and asserted counterclaims for unjust enrichment and breach of agreement. In December 2018, while the litigation was pending, plaintiff passed away.

On January 28, 2019, plaintiff's attorney, Eric Bither (Attorney Bither), notified defendants that plaintiff was deceased and that plaintiff's estate was in the process of selecting substitute counsel. Shortly thereafter, on February 1, 2019, defendants moved pursuant to Rule 12(b)(6) of the Superior Court Rules of Civil Procedure to dismiss plaintiff's partition action, on the basis that the action was moot because the property was owned in joint tenancy with rights of survivorship and that, therefore, plaintiff's property interest had passed to the remaining joint tenants by operation of law upon plaintiff's death. On February 5, 2019, defendants filed an omnibus calendar form indicating that a hearing on the motion to dismiss would be held on February 26, 2019.

On February 7, 2019, Attorney Bither filed a suggestion of death upon the record, in which he notified the court that he anticipated that an executor would be

appointed by the Probate Court and that the Estate of Shirley Butler (the estate) would have representation at the hearing on February 26, 2019. Additionally, on February 11, 2019, Attorney Bither filed a notice with the Superior Court indicating that the court "should continue the hearing on the Defendants' Motion until after the Estate is substituted into the case and the Defendants serve the attorney for the Estate in accordance with the Superior Court Rules of Civil Procedure and as required by due process." In his notice, Attorney Bither called the court's attention to § 34-15-12, which states, in part: "No action for partition shall be abated by the decease of either of the parties plaintiff or defendant in the action." Further, Attorney Bither asserted that, because plaintiff had died, he no longer had authority to take action in the case and that the appropriate party would be the representative of the estate, who was scheduled to be appointed by the Probate Court on February 26, 2019.

On February 26, 2019, the hearing justice presided over the hearing on defendants' motion to dismiss. During the hearing, defendants objected to the requested continuance, arguing that the case had become moot because plaintiff's interest in the property had passed to the defendants upon her death and that, therefore, there was no property for the estate to partition. Attorney Bither, who was present at the hearing, stated that he no longer had a client and did not represent the estate; therefore, he was not at the hearing to argue or object. However, he again

shared his belief that § 34-15-12 "indicates that the claim[] survives death." In granting defendants' motion to dismiss, the hearing justice noted that the estate had not filed a motion for continuance or an objection to the motion to dismiss. Further, she held, "[i]f the estate wants to file something, they can go ahead and do so."

On March 15, 2019, the hearing justice entered an order granting defendants' motion to dismiss. Three days later, an attorney filed an entry of appearance on behalf of the estate, as well as a motion to substitute parties. In the motion to substitute, the estate alleged that Barbara Parrillo (Parrillo), the nominated executrix in plaintiff's will, began the process of opening a probate estate on January 3, 2019 and that the Johnston Probate Court had scheduled an initial hearing on the matter for February 26, 2019. Further, the estate explained that at the February 26, 2019 probate hearing, Gavek appeared *pro se* and alleged that Parrillo had exerted undue influence upon plaintiff, and, therefore, the will was not valid. As a result of this allegation, the Probate Court continued the matter for two weeks and appointed Parrillo as estate custodian. At a later hearing, on March 12, 2019, Gavek withdrew her objection to the will, and the Probate Court appointed Parrillo as executrix of the estate. The motion to substitute was never heard by the Superior Court, and final judgment dismissing plaintiff's complaint was entered on April 16, 2019.

On March 25, 2019, the estate filed a notice of appeal to this Court.[1] On appeal, the estate argues that the hearing justice's dismissal of plaintiff's partition action was in contravention of § 34-15-12 and in violation of the estate's due process right to prior notice and the opportunity to be heard on defendants' motion to dismiss.[2]

## II

### Standard of Review

"The sole function of a motion to dismiss is to test the sufficiency of the complaint." *Chariho Regional School District v. State*, 207 A.3d 1007, 1012 (R.I. 2019) (quoting *Pontarelli v. Rhode Island Department of Elementary and Secondary Education*, 176 A.3d 472, 476 (R.I. 2018)). "When this Court reviews the grant of a motion to dismiss pursuant to Rule 12(b)(6), we apply the same standard as the hearing justice." *Ferreira v. Child and Family Services*, 222 A.3d 69, 74 (R.I. 2019). "We assume the allegations contained in the complaint are true and view the facts in

---

[1] Although the estate prematurely filed its notice of appeal, this Court "will treat the appeal as if it had been timely filed after judgment was entered." *Sullivan v. Coventry Municipal Employees' Retirement Plan*, 203 A.3d 483, 486 n.4 (R.I. 2019) (quoting *Arnold Road Realty Associates, LLC v. Tiogue Fire District*, 873 A.2d 119, 125 n.4 (R.I. 2005)).

[2] On January 14, 2020, following an initial prebriefing conference, we ordered that this case be remanded to the Superior Court for entry of final judgment under Rule 54(b) of the Superior Court Rules of Civil Procedure in light of defendants' counterclaims. Consistent with this order, final judgment was entered pursuant to Rule 54(b) on February 25, 2020, and the case was returned to this Court.

the light most favorable to the plaintiff." *Id.* (brackets omitted) (quoting *Chariho*, 207 A.3d at 1012). "We will affirm a trial justice's grant of a motion to dismiss when it is clear beyond a reasonable doubt that the plaintiff would not be entitled to relief from the defendant under any set of facts that could be proven in support of the plaintiff's claim." *Id.* (quoting *Chariho*, 207 A.3d at 1012-13).

## III

## Discussion

On appeal, the estate argues that, pursuant to § 34-15-12, the petition for partition survives plaintiff's death notwithstanding the joint tenancy. Further, the estate contends that its due process rights were violated when the hearing justice dismissed the complaint before the executrix was appointed to represent the estate and without providing the statutorily required notice to the heirs at law or devisees. Conversely, defendants argue that the estate does not have standing to bring this appeal because plaintiff's death extinguished the claim for partition and the estate was never a party to the underlying action.

## A

## Statutory Interpretation

We first address an issue of first impression for this Court: Whether a petition for partition survives the death of a plaintiff pursuant to § 34-15-12. "We review questions of statutory interpretation *de novo*." *Mello v. Killeavy*, 205 A.3d 454, 459

(R.I. 2019) (quoting *State v. Hazard*, 68 A.3d 479, 485 (R.I. 2013)). "In so doing, our ultimate goal is to give effect to the purpose of the act as intended by the Legislature." *Id.* "It is well settled that 'when the statutory language is clear and unambiguous, we give the words their plain and ordinary meaning.'" *Bayview Loan Servicing, LLC v. Providence Business Loan Fund, Inc.*, 200 A.3d 153, 157 (R.I. 2019) (brackets omitted) (quoting *Rein v. ESS Group, Inc.*, 184 A.3d 695, 702 (R.I. 2018)).

"The Rhode Island General Assembly has not defined a joint tenancy in real property statutorily; the property interest exists, instead, under common law." *Ruffel v. Ruffel*, 900 A.2d 1178, 1188 (R.I. 2006). "A joint tenant of real property holds an 'undivided * * * interest' in the property." *Id.* (quoting *Lucchetti v. Lucchetti*, 85 R.I. 105, 111, 127 A.2d 244, 248 (1956)). At common law, "upon the death of one joint tenant, the remaining joint tenants acquire the entire estate by the right of survivorship." *Knibb v. Security Insurance Company of New Haven*, 121 R.I. 406, 410, 399 A.2d 1214, 1216 (1979). The Rhode Island General Assembly, however, has the authority to modify common law as a matter of public policy, *see Fournier v. Miriam Hospital*, 93 R.I. 299, 305, 175 A.2d 298, 301 (1961), and it has elected to do so with regard to partition actions. *See* § 34-15-12 (governing the death of a party in partition actions).

Chapter 15 of title 34 of the general laws governs actions for partition. More

- 7 -

specifically, § 34-15-1 provides that joint tenants may compel partition by filing a civil action.[3] With regard to the death of a party during the pendency of a partition action, § 34-15-12 states:

> "No action for partition shall be abated by the decease of either of the parties plaintiff or defendant in the action. In case of the decease of either of the plaintiffs or defendants in the action, the court shall cause the heirs at law or devisees of the deceased party to be notified of the pendency of the action in the same manner as if they had been parties in the original action, and may, after the notice has been given, render judgment in the action in the same manner as might have been done had the heirs or devisees been original parties in the action."

Section 34-15-12 is unambiguous and clearly states that an action for partition is not abated by the death of a plaintiff. Thus, when a joint tenant commences a civil action for partition in accordance with § 34-15-1 but dies before the case terminates, § 34-15-12 clearly requires that the action continue to judgment with the heirs or devisees of the decedent, "in the same manner as might have been done had the heirs or devisees been original parties in the action."

---

[3] The full text of G.L. 1956 § 34-15-1 reads:

> "All joint tenants, coparceners, and tenants in common, who now are or hereafter may be actually seised or possessed of any estate of inheritance in any lands, tenements or hereditaments, whether in their own right or as receiver appointed by any state or federal court, or as trustee in bankruptcy, may be compelled to make partition between them of those lands, tenements, and hereditaments by civil action."

Therefore, it is our opinion that the hearing justice erred in granting defendants' motion to dismiss without considering the effect of § 34-15-12. At the hearing on defendants' motion to dismiss, the hearing justice cited the common law principle "that upon the death of one joint tenant, the remaining joint tenants acquire the entire estate by right of survivorship"; and, relying solely on this common law principle, she concluded that "the estate wouldn't necessarily have standing to go ahead and press whatever complaint [plaintiff] had." This, however, is contrary to the plain language of § 34-15-12.

Under the common law, the hallmark of a joint tenancy is the right of survivorship; a joint tenant's interest in the property passes to his or her joint co-tenant(s) upon his or her death by operation of law. Our General Assembly, however, has carved out an exception in cases where a petition for partition has been filed but not yet proceeded to final judgment. *See* § 34-15-12. Given that the statutory language of § 34-15-12 is clear and unambiguous, "this Court must interpret the statute literally and must give the words of the statute their plain and ordinary meanings." *Powers v. Warwick Public Schools*, 204 A.3d 1078, 1086 (R.I. 2019) (quoting *Whittemore v. Thompson*, 139 A.3d 530, 540 (R.I. 2016)). Accordingly, we are satisfied that the common law right of survivorship in a joint tenancy is abrogated when an action for partition is pending.

## B

## The Estate's Right to Appeal

We now turn to defendants' argument that the estate lacked standing to bring an appeal, as the estate was never a party to the underlying action. The defendants cite the case of *Hopp v. C.H.B. Development Corp.*, 669 A.2d 1152 (R.I. 1996), for the proposition that "the 'procedure for revival of an action by substitution of the personal representatives is not a mere technicality but rather it is the sole means by which the court obtains jurisdiction over the personal representative.'" *Hopp*, 669 A.2d at 1155 (quoting *LesCarbeau v. Rodrigues*, 109 R.I. 407, 410-11, 286 A.2d 246, 248 (1972)). They also suggest that the estate was dilatory in protecting its interest because plaintiff died in December 2018, yet the motion to dismiss was not heard until February 26, 2019, which "provided the [e]state with more than enough time to take the necessary steps to try and substitute as a party-plaintiff in the underlying action but it failed to do so." We disagree.

We note that Parrillo, as executrix of plaintiff's estate, alleges that she filed her motion to substitute less than three months after plaintiff's death and only a week after her appointment as executrix[4]—far less time than in *Hopp*, where the executrix filed a motion to substitute more than three years after she had been appointed. *See*

_____

[4] The Superior Court made no findings of fact concerning the estate, as Parrillo's motion to substitute was never entertained.

- 10 -

*Hopp*, 669 A.2d at 1156. Significantly, defendants' motion to dismiss was heard and decided before the executrix was even appointed. Attorney Bither valiantly appeared at the hearing but correctly advised the court that he could not act on behalf of the estate.

The defendants also contend that the Supreme Court Rules of Appellate Procedure do not permit a nonparty to file an appeal in a matter in which it was never involved. We are of the opinion, however, that under § 34-15-12 the fact that Parrillo was never formally substituted as a party is not fatal to her ability to appeal from the final judgment of dismissal. As discussed *supra*, plaintiff's decease did not abate her action for partition. Thus, her death did not end the litigation, thereby necessitating its "revival" by her estate; the litigation remained pending.

The statute further provides that, after notice to the heirs and devisees has been given, the court may "render judgment in the action in the same manner as might have been done had the heirs or devisees been original parties in the action." Section 34-15-12. We believe this language signals an intent by the Legislature to treat heirs and devisees, as represented by a decedent's estate, as parties in the action. General Laws 1956 § 9-24-1 provides that "[a]ny party aggrieved by a final judgment, decree, or order of the superior court may, within the time prescribed by applicable procedural rules, appeal to the supreme court." As we have previously instructed, this provision "must be read in light of our long-established rule that a person is

aggrieved by a judgment when it adversely affects, in a substantial manner, his or her personal or property rights." *Lombardi v. City of Providence*, 69 A.3d 846, 850 (R.I. 2013) (brackets omitted) (quoting *Adams v. United Developers, Inc.*, 121 R.I. 177, 179, 397 A.2d 503, 505 (1979)).  In the instant action, the estate is clearly aggrieved; if the dismissal is upheld, the estate will be left with no interest in the property. *See Lombardi*, 69 A.3d at 850 ("an aggrieved party is one whose interest in the lower court decision is *actual and practical, as opposed to merely theoretical*" (quoting *Adams*, 121 R.I. at 180, 397 A.2d at 505)).  Therefore, the estate's appeal is properly before this Court.

## IV

## Conclusion

For the reasons stated herein, we vacate the judgment of the Superior Court. The record shall be returned to the Superior Court.

Justice Flaherty participated in the decision but retired prior to its publication.

Justice Lynch Prata and Justice Long did not participate.

# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE
Licht Judicial Complex
250 Benefit Street
Providence, RI 02903

**OPINION COVER SHEET**

| | |
|---|---|
| **Title of Case** | Shirley Butler v. Kari Gavek et al. |
| **Case Number** | No. 2019-124-Appeal.<br>(PC 18-5522) |
| **Date Opinion Filed** | February 25, 2021 |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, and Robinson, JJ. |
| **Written By** | Chief Justice Paul A. Suttell |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Maureen B. Keough |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>J. Robert Weisberger, Esq.<br>For Defendants:<br><br>Nicole J. Martucci, Esq. |