May 30, 2019

**Supreme Court**

No. 2017-239-Appeal.
(WC 16-410)

Chariho Regional School District, by and   :
through the Chariho Regional School
Committee

v.   :

State of Rhode Island et al.   :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Chariho Regional School District, by and : 
   through the Chariho Regional School
            Committee

                v.              :

State of Rhode Island et al.      :

Present: Suttell, C.J., Goldberg, Flaherty, and Indeglia, JJ.

**O P I N I O N**

**Chief Justice Suttell, for the Court.**  This matter arises from a contract dispute between the plaintiff, Chariho Regional School District (Chariho or plaintiff),[1] and the Rhode Island Department of Education (RIDE), the Rhode Island Department of Administration (DOA), the Rhode Island Council on Elementary and Secondary Education, and former Commissioner of Education Kenneth Wagner (Wagner) (collectively, the state defendants).  Chariho appeals from an order of the Superior Court granting the state defendants' motion to dismiss.  This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided.  After considering the parties' written and oral submissions and reviewing the record, we conclude that cause has not been shown and that this case may be decided without further briefing or argument.  For the reasons set forth in this opinion, we vacate the order of the Superior Court.

---

[1] "Chariho" is the name for the school district comprising the towns of Charlestown, Richmond, and Hopkinton in Washington County.  It is also the name of the high school serving those communities.

# I

## Facts and Travel

In July 1996, plaintiff's predecessor, the Chariho Regional High School District, conveyed a parcel of property on the Chariho campus to RIDE to be "use[d] for 'vocational purposes.'" The plaintiff remained responsible for operation of the Chariho Area Career and Technical Center (Chariho CTC) located on that property following the transfer of title.[2] Nearly fourteen years later, on June 22, 2010, after receiving approval from the Board of Regents,[3] plaintiff and RIDE, through then-Commissioner of Education Deborah Gist, entered into an agreement to convey the property back to plaintiff, "provided that Chariho continues to provide career and technical programs to students" (the CTC transfer agreement). Significantly, in paragraph 1(d), the CTC transfer agreement also provided that, "[f]or so long as Chariho operates a career and technical center, RIDE warrants that it will not approve the establishment of any career and technical center in the towns of Charlestown, Hopkinton, Narragansett, New Shoreham, Richmond, South Kingstown, and Westerly * * *."

The plaintiff filed a complaint in Superior Court on August 3, 2016, alleging that the state defendants had breached paragraph 1(d) of the CTC transfer agreement by authorizing career and technical programs at Westerly High School and Narragansett High School.[4] Additionally,

---

[2] The Chariho CTC is a "regional career and technical center" offering career and technical education programs to students living in all towns in Washington County—Charlestown, Exeter, Hopkinton, Narragansett, New Shoreham, North Kingstown, Richmond, South Kingstown, and Westerly—as well as out-of-county students from Jamestown and West Greenwich. The Chariho CTC is integrated into Chariho Regional High School.

[3] The Board of Regents is the predecessor to the Council on Elementary and Secondary Education. General Laws 1956 § 16-60-1(c).

[4] To be more specific, plaintiff asserted that RIDE authorized cosmetology and advanced manufacturing programs at Westerly High School, and an agricultural science program at Narragansett High School. The plaintiff has also alleged that Westerly and Narragansett are currently seeking RIDE approval for further vocational programs.

plaintiff alleged that Wagner had unilaterally repudiated the CTC transfer agreement by stating that paragraph 1(d) was not enforceable and that the agreement had never been in effect. The plaintiff sought a declaration that the state defendants had breached the CTC transfer agreement, rendering the transfer of title to the property to Chariho void, as well as a permanent injunction to enforce paragraph 1(d) of the agreement.

In response to the complaint, the state defendants filed a motion to dismiss for lack of jurisdiction pursuant to Rule 12(b)(1) of the Superior Court Rules of Civil Procedure, failure to state a claim under Rule 12(b)(6), and failure to join indispensable parties pursuant to Rule 12(b)(7). The state defendants first argued that the complaint should be dismissed pursuant to Rules 12(b)(1) and 12(b)(7) because a court is precluded from exercising jurisdiction over a declaratory-judgment action where a plaintiff has failed to include all parties with an interest in the action and who would be affected by a declaration in plaintiff's favor—in this case, the school departments of the four other towns listed in paragraph 1(d) of the CTC transfer agreement: Narragansett, New Shoreham, South Kingstown, and Westerly. As to Rule 12(b)(6), the state defendants argued, *inter alia*, that no breach had occurred based on the plain language of the agreement, and that, if there had been a breach, the sole remedy, pursuant to the agreement, was termination of the contract.

Additionally, the Narragansett School Committee (Narragansett) and the Westerly School Committee (Westerly) filed motions to intervene, arguing that they had an interest in the action and the right to intervene pursuant to Rule 24(a)(1) and (2). The plaintiff countered that

Narragansett and Westerly were not proper parties to the action because they did not have the power to sue or be sued and could not demonstrate an interest independent of the state.

Following a November 21, 2016 hearing on the motions to intervene and the state defendants' motion to dismiss, the hearing justice rendered a decision from the bench, granting all motions. As to the motion to dismiss, however, the hearing justice stated that his ruling granting the motion was conditional, and that plaintiff would have thirty days to amend its complaint to add the two remaining school departments listed in paragraph 1(d): New Shoreham and South Kingstown.[5] An order granting the motions to intervene was entered on December 6, 2016.

The plaintiff filed an amended complaint within thirty days of the hearing justice's ruling on the motion to dismiss, adding the Narragansett School Department, New Shoreham School Department, South Kingstown School Department, and Westerly School Department as defendants, and also adding a claim for violation of the Contract Clause of the Rhode Island Constitution.[6] The state defendants subsequently filed a motion to dismiss the amended complaint pursuant to Rule 12(b)(6), reiterating the same argument as in their prior motion to dismiss. Narragansett, Westerly, and the South Kingstown School Committee[7] (South Kingstown) (collectively, the school committee defendants) also filed a motion to dismiss plaintiff's amended complaint.[8] The school committee defendants argued that paragraph 1(d) of the CTC transfer

---

[5] The hearing justice did not reach the merits of the state defendants' Rule 12(b)(6) argument at the November 21, 2016 hearing.

[6] The Contract Clause claim is not an issue on appeal.

[7] We note that while it was the school *committees* of Narragansett and Westerly that filed motions to intervene, the amended complaint names the school *departments* of those towns, in addition to the school *departments* of South Kingstown and New Shoreham, as defendants. Following the filing of the amended complaint, it has been the school *committees* who have actively litigated the case at bar. The parties have not addressed this inconsistency.

[8] The New Shoreham School Department (New Shoreham) entered the case just prior to the school committee defendants' filing of a motion to dismiss, and had not yet responded to the amended

agreement was void *ab initio* because it divested the Board of Regents and the school committees of statutorily authorized power to regulate educational programs.

The plaintiff objected to defendants' motions to dismiss, arguing that it had sufficiently pled a claim for breach of contract because it alleged that RIDE had approved multiple programs, and that a school offering more than one career and technical education program is a "center" within the meaning of the contract. The plaintiff further argued that it was entitled to a declaration that a breach rendered the transfer of title void, given the language contained in the CTC transfer agreement and the fact that the agreement did not specify termination as the "exclusive remedy." Finally, plaintiff asserted that paragraph 1(d) of the CTC transfer agreement was not void *ab initio* because the state was acting within its power to enter into contracts.

A hearing on the motions to dismiss the amended complaint was held on March 20, 2017. The state defendants argued that the language of paragraph 1(d) of the CTC transfer agreement was unambiguous in that it distinguished between a program and a "center," which the state defendants argued meant "a place, where here in this particular building it is a center for vocational education[,]" and that RIDE had not approved any other "center" in breach of the agreement. The state defendants further reiterated at the hearing that termination of the agreement was the exclusive remedy available to Chariho in the event of a breach. The plaintiff countered that breach of the agreement was a question of fact and, furthermore, that the consequence of the term "of no force and effect" in the CTC transfer agreement rendered the contract void *ab initio*.

Following arguments from plaintiff and the state defendants, the hearing justice rendered a decision from the bench granting the state defendants' motion to dismiss the amended complaint.

complaint when the hearing justice granted the state defendants' motion to dismiss. New Shoreham is not a party to this appeal.

- 5 -

As to the claim for breach of contract, the hearing justice concluded that he thought the language of paragraph 1(d) was "crystal clear," and further that "allowing the establishment of a particular type of program in another South County school is not a breach of this agreement."[9]  The hearing justice also found that, in the event of a breach, the plain language of paragraph 3(a) of the CTC transfer agreement providing for plaintiff's remedy could not "be stretched to suggest that the conveyance, that the property be re-conveyed, that it's void ab initio."  The hearing justice did not hear argument on the school committee defendants' motion to dismiss the amended complaint, nor did he make a ruling on that motion.

An order granting the state defendants' motion to dismiss plaintiff's amended complaint entered on May 9, 2017, and plaintiff filed a notice of appeal on May 23, 2017.

## II

### Standard of Review

"The sole function of a motion to dismiss is to test the sufficiency of the complaint." *Pontarelli v. Rhode Island Department of Elementary and Secondary Education*, 176 A.3d 472, 476 (R.I. 2018) (brackets omitted) (quoting *Narragansett Electric Company v. Minardi*, 21 A.3d 274, 277 (R.I. 2011)).  "In reviewing the grant of a motion to dismiss pursuant to Rule 12(b)(6), this Court applies the same standard as the hearing justice." *Rein v. ESS Group, Inc.*, 184 A.3d 695, 699 (R.I. 2018) (quoting *Goddard v. APG Security-RI, LLC*, 134 A.3d 173, 175 (R.I. 2016)).  Therefore, "[i]n conducting our review, we 'assume the allegations contained in the complaint to be true and view the facts in the light most favorable to the plaintiffs.'" *Id.* (brackets omitted) (quoting *Goddard*, 134 A.3d at 175).  We will affirm a trial justice's grant of a motion to dismiss "when it is clear beyond a reasonable doubt that the plaintiff would not be entitled to relief from

---

[9] "South County" is the colloquial name for Washington County.

the defendant under any set of facts that could be proven in support of the plaintiff's claim." *Id.* (quoting *Goddard*, 134 A.3d at 175).

Additionally, it is well settled that "[t]his Court reviews a trial justice's grant of a motion to intervene for abuse of discretion, reversing only if the justice failed to apply the standards set forth in Rule 24(a)(2), or otherwise committed clear error." *Retirement Board of Employees' Retirement System of City of Providence v. Corrente*, 174 A.3d 1221, 1229 (R.I. 2017) (quoting *Hines Road, LLC v. Hall*, 113 A.3d 924, 928 (R.I. 2015)).

## III

### Discussion

On appeal, plaintiff argues that the hearing justice erred by: (1) allowing Narragansett and Westerly to intervene; (2) finding that the state defendants had not breached the CTC transfer agreement as a matter of law; and (3) concluding that termination was the only remedy available to plaintiff under the contract. We shall take each issue in turn.

### A

### Intervention

The plaintiff contends that Narragansett and Westerly should not have been allowed to intervene pursuant to Rule 24(a)(1) or (2). As to Rule 24(a)(1), plaintiff maintains that the rule is narrowly construed, and that nothing in the Uniform Declaratory Judgments Act provides intervention as a matter of right. The plaintiff further asserts that Narragansett and Westerly cannot intervene without standing in the action, which they do not have, according to plaintiff, because they were not parties to the CTC transfer agreement. Beyond standing, plaintiff argues, Narragansett and Westerly do not meet the requirements to intervene under Rule 24(a)(2),

particularly because they cannot demonstrate an interest in the action that would not be adequately represented by the state defendants.[10]

Conversely, the state defendants respond that plaintiff has waived this issue because it did not file an appeal from the hearing justice's November 21, 2016 decision granting the motions to intervene and the state defendants' motion to dismiss plaintiff's original complaint. The school committee defendants, for their part, contend that if this Court finds plaintiff's issue regarding the motion to intervene to be properly before us for review, the hearing justice correctly determined that Narragansett and Westerly have an interest in the action and are indispensable parties.

We first turn to the issue of waiver. In support of its assertion that this issue is properly before the Court, plaintiff relies on this Court's opinion in *Greensleeves, Inc. v. Smiley*, 942 A.2d 284 (R.I. 2007), in which we adopted a long-held federal rule that "a notice of appeal that designates the final judgment encompasses not only that judgment, but also all earlier interlocutory orders that merge in the judgment." *Greensleeves, Inc.*, 942 A.2d at 290 (quoting *John's Insulation, Inc. v. L. Addison and Associates, Inc.*, 156 F.3d 101, 105 (1st Cir. 1998)). However, in the case at bar, plaintiff appealed from the hearing justice's May 9, 2017 order of dismissal, not a final judgment. Final judgment has not yet entered in this case. Furthermore, in contrast to the scenario in *Greensleeves*, it is not "clear" from plaintiff's actions or notice of appeal that it intended to appeal the hearing justice's order granting the motions to intervene.[11] *See id.* at 291. Thus, we

---

[10] The plaintiff, however, has not made any arguments with respect to the hearing justice's November 21, 2016 conditional grant of the state defendants' motion to dismiss for failure to join indispensable parties. Rather, plaintiff's argument focuses solely on the hearing justice's ruling as to the motions to intervene.

[11] Additionally, "[i]t is axiomatic that, with limited exceptions, a party can appeal only from 'a final judgment, decree, or order of the [S]uperior [C]ourt.'" *Coates v. Ocean State Jobbers, Inc.*, 18 A.3d 554, 561 (R.I. 2011) (quoting G.L. 1956 § 9-24-1). "A final judgment or order for purposes of appealability is one that terminates all the litigation arising out of the action between the parties on the merits." *Id.* (brackets omitted) (quoting *Retirement Board of Employees*

do not believe that plaintiff's appeal of the hearing justice's order granting the motions to intervene is properly before this Court.

## B

## Motion to Dismiss

## 1

## Breach of Paragraph 1(d)

The plaintiff argues that the hearing justice erred in granting the state defendants' motion to dismiss the amended complaint because, plaintiff contends, it has adequately pled a breach of paragraph 1(d) of the CTC transfer agreement, based on its specific allegations regarding Wagner's statements and RIDE's approval of career and technical programs at both Narragansett High School and Westerly High School. The plaintiff further contends that the hearing justice improperly took judicial notice of a fact subject to dispute and contradictory to the allegations of the amended complaint. Lastly, plaintiff asserts briefly that, to the extent that there is an ambiguity in the word "center" in the CTC transfer agreement, the hearing justice's order of dismissal was in error.

In opposition, the state defendants argue that the hearing justice did not err in granting the motion to dismiss because the clear language of the agreement does not preclude RIDE from authorizing career and technical "programs" at other South County schools. The state defendants specifically contend that RIDE approval of the establishment of a career or technical center is not

---

*Retirement System of Providence v. Prignano*, 991 A.2d 412, 412 (R.I. 2010)). This Court has held that an order granting a motion to intervene is generally not sufficiently final to be appealable. *See Town of Coventry v. Hickory Ridge Campground, Inc.*, 111 R.I. 716, 719, 306 A.2d 824, 826 (1973). Therefore, even if plaintiff had clearly indicated its intent to appeal the order granting the motions to intervene, without entry of final judgment, we still would be without authority to hear plaintiff's appeal as to this issue.

equivalent to the approval of one or two individual programs. The state defendants further argue that plaintiff's allegations as to Wagner's statements are not sufficient to support a claim for anticipatory breach of contract. The school committee defendants join the state defendants' argument, and additionally contend that paragraph 1(d) of the CTC transfer agreement is void *ab initio* because it divests the state and school committees of statutory authority to make decisions regarding education.

Paragraph 1(d) of the CTC transfer agreement provides: "For so long as Chariho operates a career and technical center, RIDE warrants that it will not approve the establishment of any career and technical center in the towns of Charlestown, Hopkinton, Narragansett, New Shoreham, Richmond, South Kingstown, and Westerly * * *." In rendering his decision, the hearing justice found this language of paragraph 1(d) to be "crystal clear." The hearing justice went on to state that "Chariho was operating a career and technical center; hence the word center, where they were providing technical programs, a number of different career and technical programs under one roof, on one location." The hearing justice concluded that the parties' intent was clear "from reading the plain language of the agreement[,]" and that, "[t]o suggest that this language [of paragraph 1(d)] be read to prohibit any South County town from having a vocational program in one of their schools is really giving meaning to this agreement that it plainly wasn't intended to give."

We begin our analysis by looking at the language of paragraph 1(d). As is well settled by our long-standing principles of contract interpretation, "[t]he determination of whether a contract's terms are ambiguous is a question of law to be decided by the court." *Botelho v. City of Pawtucket School Department*, 130 A.3d 172, 176 (R.I. 2016) (quoting *JPL Livery Services, Inc. v. Rhode Island Department of Administration*, 88 A.3d 1134, 1142 (R.I. 2014)). Questions of law are reviewed *de novo*. *Id.* "A term in a contract is ambiguous when it is 'reasonably and clearly

susceptible to more than one rational interpretation.'" *Id.* (quoting *Miller v. Saunders*, 80 A.3d 44, 49 (R.I 2013)). Moreover, "[i]n determining whether language in a contract is ambiguous, 'we give words their plain, ordinary, and usual meaning. The subjective intent of the parties may not properly be considered by the Court; rather, we consider the intent expressed by the language of the contract.'" *Id.* (deletion omitted) (quoting *JPL Livery Services, Inc.*, 88 A.3d at 1142). "Where an ambiguity exists in a provision of a contractual document, the construction of that provision is a question of fact." *Haviland v. Simmons*, 45 A.3d 1246, 1258-59 (R.I. 2012) (quoting *Fryzel v. Domestic Credit Corporation*, 120 R.I. 92, 98, 385 A.2d 663, 666 (1978)).

After looking only to the provisions of the CTC transfer agreement and giving those words their plain and ordinary meaning, we are of the opinion that the word "center" is "susceptible to more than one rational interpretation." *Botelho*, 130 A.3d at 176 (quoting *Miller*, 80 A.3d at 49). It is not unreasonable to conclude that a subsection of a primarily nonvocational school offering one or more career or technical programs could be labeled as a career or technical "center," in the same way that a separate space dedicated to vocational education, like the Chariho CTC, is considered to be a "center." Indeed, according to plaintiff's amended complaint, Narragansett High School promotes itself as having an "Agricultural Science and Technology Education *Center*," which houses its one vocational program—agricultural science. (Emphasis added.) Furthermore, plaintiff has alleged that students from outside Narragansett and Westerly have the opportunity to attend those high schools' vocational programs. Therefore, because the resolution of an ambiguity in a contract is a question of fact which we will not resolve at this stage of the litigation, we cannot say that, after assuming the allegations in the amended complaint are true and viewing the facts in the light most favorable to plaintiff, Chariho has failed to state a claim for

which relief may be granted.[12]  Accordingly, we are of the opinion that the hearing justice erred in granting the state defendants' motion to dismiss plaintiff's amended complaint.[13]

**2**

**Exclusive Remedy**

The plaintiff argues that the hearing justice erred in finding that termination of the contract, as provided for in paragraph 3(a) of the CTC transfer agreement, represented plaintiff's sole remedy for the state defendants' breach.  The plaintiff contends that the language of the CTC transfer agreement "lacks the requisite specificity regarding exclusivity" of remedies.  The plaintiff further argues that, if this Court reads the remedies provision as exclusive, the CTC transfer agreement is void *ab initio* because it is illusory.[14]  Conversely, the state defendants argue that paragraph 3(a) of the CTC transfer agreement clearly and unambiguously provides plaintiff with

---

[12] We further note that we are not persuaded by plaintiff's other arguments relating to paragraph 1(d).  First, the record does not clearly demonstrate that the hearing justice actually took judicial notice of the fact that other cities and towns run vocational programs.  Although the hearing justice commented that he could "probably take judicial notice" of this fact, he also stated that it was not "necessary to get into for purposes of [his] ruling[.]"  Furthermore, we disagree with plaintiff's contention that it has sufficiently pled an anticipatory breach of contract.  "In order to give rise to an anticipatory breach of contract, the defendant's refusal to perform must have been positive and unconditional." *Griffin v. Zapata*, 570 A.2d 659, 662 (R.I. 1990) (brackets omitted) (quoting *Thompson v. Thompson*, 495 A.2d 678, 682 (R.I. 1985)).  The plaintiff alleges in its amended complaint that Wagner stated that he believed the CTC transfer agreement was ineffective, and further that "Commissioner Wagner has said that he *could* establish another career and technical center in South County[.]" (Emphasis added.)  We are of the opinion that these allegations are not sufficiently "positive and unconditional" to give rise to an anticipatory breach of the CTC agreement. *Id.*

[13] This appeal concerns only the state defendants' motion to dismiss the amended complaint.  The hearing justice never addressed the school committee defendants' separate argument in its motion to dismiss that paragraph 1(d) of the CTC transfer agreement is void *ab initio*, and thus, we decline to examine this issue for the first time on appeal.

[14] The plaintiff additionally argues that the hearing justice should have, "at a minimum," granted injunctive relief for anticipatory breach of contract.  However, as we have stated, we do not find plaintiff's allegations in the amended complaint regarding anticipatory breach to be sufficient to state a claim.

an exclusive remedy in the event of breach, and that the remedies prayed for in Chariho's amended complaint run contrary to that provision. The state defendants also assert that, if plaintiff's argument has been preserved, the CTC transfer agreement is not illusory because its performance under the contract is not optional.

Paragraph 3(a) of the CTC transfer agreement provides:

> "In the event that RIDE fails to perform the obligations set forth in paragraph one of this Agreement, this Agreement shall be terminated and of no force and effect and RIDE waives any and all claims, whether at law or in equity, to recover any funds expended or committed to Capital Projects."

In his decision, the hearing justice concluded that, based on the language of paragraph 3(a), it was "clear here * * * that if RIDE were to establish another center and therefore breach the agreement, under [paragraph] 3 Chariho keeps the money and the building and in addition has no further obligations regarding the operation of a career and technical center."

This Court has not yet specifically addressed the exclusivity of a contract provision stipulating to certain remedies in the event of a breach. However, other jurisdictions have held that a remedy listed in a contract is not exclusive absent a clear intent of the parties to that effect. *See United States Steel v. M. DeMatteo Construction Co.*, 315 F.3d 43, 49 (1st Cir. 2002) ("Under Massachusetts law, if a contract does not specify that the remedies identified are exclusive, or that they abrogate the common law remedies available, the common law remedies still apply."); *Middleton v. Klingler*, 410 N.W.2d 184, 186 (S.D. 1987) ("The general proposition is widely accepted that a remedy reserved by a contract does not deprive a party of other lawful remedies."); *see also* 17A Am. Jur. 2d *Contracts* § 709 ("Where a contract prescribes a remedy for a breach, that remedy is generally exclusive if the contract so declares or clearly shows the parties' intention to make it so. Where, however, there is no express or implied limitation in the contract making the

stated remedy exclusive, the prevailing view is that a party may pursue either the prescribed remedy or any other remedy the law provides.") (footnotes omitted).

We do not disagree with the hearing justice's summary of the terms of paragraph 3(a). However, we find no language in this agreement that can be read to preclude plaintiff from seeking, at the very least, a declaration that the state defendants have breached the contract. Paragraphs 3(a), (b), and (c) make no mention of exclusivity, nor do they otherwise contain language limiting the remedies available to the parties in the event of breach.[15]

Moreover, "[a] dismissal of a declaratory-judgment action before a hearing on the merits, under Rule 12(b)(6), is proper only when the pleadings demonstrate that, beyond a reasonable doubt, the declaration prayed for is an impossibility." *Tucker Estates Charlestown, LLC v. Town of Charlestown*, 964 A.2d 1138, 1140 (R.I. 2009). In its amended complaint, Chariho specifically requested a declaration that: (1) the CTC transfer agreement is enforceable; (2) the state defendants breached the agreement; (3) a breach of the agreement violates G.L. 1956 § 16-60-4(a)(14); and (4) a breach of the agreement renders the transfer of title "of no force and effect[.]" Viewing the allegations in the amended complaint as true, it cannot be said that all of these requested declarations would be impossible, particularly with respect to enforceability and breach of the agreement. *See id.* To be sure, upon remand, a hearing justice will have broad discretion to grant or deny the plaintiff's requested declaratory relief. *See id.* ("It is furthermore well settled that the

---

[15] Paragraph 3(b) of the CTC transfer agreement provides: "In the event that Chariho fails to perform the obligations set forth in paragraph two of this Agreement, Chariho agrees that RIDE will be irreparably harmed, that RIDE has no adequate remedy at law, and that injunctive relief compelling Chariho to perform is necessary." Paragraph 3(c) of the CTC transfer agreement reads: "In the event of any dispute over the interpretation, construction or application of this Agreement, the parties agree that the Superior Court sitting in Washington County, and not a hearing officer appointed by the Commissioner of Education, shall have exclusive jurisdiction over any such matter."

Superior Court has broad discretion to grant or deny declaratory relief[.]"). We cannot say, however, at this stage of the litigation, that the plaintiff's amended complaint should be dismissed pursuant to Rule 12(b)(6) based on the language of paragraph 3(a).

**IV**

**Conclusion**

For the reasons stated above, we vacate the order of the Superior Court. The record shall be remanded to that tribunal.

Justice Robinson did not participate.

**SUPREME COURT – CLERK'S OFFICE**

**OPINION COVER SHEET**

| | |
|---|---|
| **Title of Case** | Chariho Regional School District, by and through the Chariho Regional School Committee v. State of Rhode Island et al. |
| **Case Number** | No. 2017-239-Appeal. (WC 16-410) |
| **Date Opinion Filed** | May 30, 2019 |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, and Indeglia JJ. |
| **Written By** | Chief Justice Paul A. Suttell |
| **Source of Appeal** | Washington County Superior Court |
| **Judicial Officer From Lower Court** | Associate Justice Bennett R. Gallo |
| **Attorney(s) on Appeal** | For Plaintiff: Jon M. Anderson, Esq. |
| | For Defendants: John Tarantino, Esq. Vicki J. Bejma, Esq. |