February 8, 2024

**Supreme Court**

No. 2022-229-Appeal.
(PC 21-3203)


Steven Serenska                    :

            v.                      :

Wells Fargo Bank, N.A., et al.     :


NOTICE: This opinion is subject to formal revision
before publication in the Rhode Island Reporter. Readers
are requested to notify the Opinion Analyst, Supreme
Court of Rhode Island, 250 Benefit Street, Providence,
Rhode Island 02903, at Telephone (401) 222-3258 or
Email opinionanalyst@courts.ri.gov, of any typographical
or other formal errors in order that corrections may be
made before the opinion is published.

Steven Serenska        :

v.               :

Wells Fargo Bank, N.A., et al.    :

Present: Suttell, C.J., Goldberg, Robinson, and Long, JJ.

**O P I N I O N**

**Justice Robinson, for the Court.** The plaintiff, Steven Serenska, appeals from a February 22, 2022 order of the Superior Court granting the motions to dismiss filed by the defendants—*viz*., Wells Fargo Bank, N.A. (Wells Fargo); HSBC Bank USA, National Association as Trustee for Wells Fargo Mortgage Backed Securities Trust 2007-4 (HSBC); RI Property Wire, LLC (Property Wire); and Alpha Holdings, LLC. The plaintiff contends that the hearing justice erred in granting the motions to dismiss because, in the plaintiff's view, there is "a glaring ambiguity" in the mortgage document.

This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After carefully considering the parties' written and oral submissions and reviewing the record, we conclude that cause has not been shown

- 1 -

and that this case may be decided without further briefing or argument. For the reasons set forth in this opinion, we affirm the order of the Superior Court.

**I**

**Facts and Travel**

This case arose out of foreclosure proceedings that were instituted with respect to property located at 18 High Street in Bristol, Rhode Island. The property was conveyed to plaintiff on March 1, 2007; and he executed a $636,000 promissory note and mortgage in favor of Wells Fargo on the same day.[1] Several years later, on June 15, 2018, Wells Fargo sent plaintiff a notice of default. On August 8, 2019 (over a year after the notice of default was sent), Wells Fargo and HSBC conducted a foreclosure auction on the property.

Many months later, on May 5, 2021, plaintiff filed a complaint in Providence County Superior Court against Wells Fargo, Property Wire, and HSBC, seeking (1) a declaration that no valid foreclosure sale of plaintiff's property had occurred; (2) an injunction restraining and enjoining Wells Fargo from conveying the property to any other entity; and (3) compensatory and punitive damages. On July 12, 2021, a justice of the Superior Court denied plaintiff's request for injunctive relief. On July 26, 2021, a foreclosure deed, which deed plaintiff averred "purport[edly]" granted

---

[1]    An assignment of the mortgage to HSBC was recorded on April 1, 2013. Following the assignment, Wells Fargo remained the servicer of the loan.

ownership of the property to Property Wire and Alpha Holdings, LLC, was recorded. On October 29, 2021, pursuant to an agreement among the parties, plaintiff filed an amended complaint naming Wells Fargo and HSBC as defendants and also the holders of the foreclosure deed for the property—*viz.*, Property Wire and Alpha Holdings, LLC.[2]

In his amended complaint, plaintiff alleged that, on the morning of the foreclosure auction, before the auction actually commenced, he had "contacted Wells Fargo in order to confirm the reinstatement amount in order to tender reinstatement amount and cure the default on the Mortgage." He further alleged that "Wells Fargo transferred the call to * * * foreclosure counsel," who informed plaintiff that the deadline to reinstate the mortgage had passed five days earlier. The plaintiff also alleged that he "had funds ready and available to pay the reinstatement amount in full."

The amended complaint alleged that plaintiff had not received proper notice pursuant to his understanding of paragraph 22 of the mortgage prior to the acceleration of the mortgage and the foreclosure. He averred that Wells Fargo and HSBC's "failure to notify" him pursuant to his understanding of paragraph 22 of the mortgage that his right to "reinstate and cure the mortgage expired" five days before

---

[2]     It should be noted that the foreclosure auction took place in August of 2019—over two years before the filing of the amended complaint.

the foreclosure sale "constituted [a] breach of the mortgage contract * * *." He further averred "that if he had been notified of the [five]-day deadline he would have tendered the funds prior to the five-day deadline to reinstate with ready and available funds."[3]

On November 23, 2021, Wells Fargo and HSBC filed a joint motion to dismiss the amended complaint pursuant to Rule 12(b)(6) of the Superior Court Rules of Civil Procedure.[4] They argued that "[p]laintiff's claims fail as a matter of Rhode Island law and many of his key factual allegations are fatally undermined by the clear and unambiguous terms of his mortgage * * *." They pointed to specific language in the notice of default that was sent to plaintiff, which language they said demonstrates that the notice of default complied with the terms of the mortgage. They further asserted that a notice of default, which is sent before a mortgage in default is accelerated, need not include a reminder of the deadline for reinstating a loan after acceleration has occurred.

The plaintiff argued that the mortgage document contained what he

---

[3] The plaintiff further alleged in his amended complaint that the foreclosure was void, and he sought declaratory and injunctive relief, as well as compensatory and punitive damages and attorneys' fees. He also sought a judgment quieting title to the property and declaring that he was the owner thereof.

[4] Property Wire and Alpha Holdings, LLC also moved to dismiss plaintiff's amended complaint, essentially adopting and reiterating the arguments made by Wells Fargo and HSBC.

- 4 -

characterized as "a glaring ambiguity" because it "require[d] as a condition precedent to foreclosure notification of a 'date * * * by which the default may be cured' while also stating that the default may be cured 'prior to 5-days before the sale * * * as if no acceleration occurred.'" (Emphasis omitted.) He alleged that "failure to notify [him] of the 5-day prior to sale expiration on his right to cure the default pursuant to his right to reinstate after acceleration 'as if no acceleration occurred[]' prejudicially denied him of this right to reinstate and cure the default * * *." (Emphasis omitted.) Although plaintiff's memorandum in opposition to defendants' motions to dismiss is rather opaque, it appears that he allegedly perceived contractual ambiguity in the fact that paragraph 19 of the mortgage requires that exercise of the right to "cure" a mortgage in default must take place at least five days before foreclosure whereas paragraph 22 (which itemizes what must be set forth in a notice of default) does not state that the mortgagor must also be reminded of the five-day provision contained in paragraph 19. The plaintiff also argued that he was prejudiced by what he considered to be an inadequate notice of default because "he attempted to tender payment of the arrearage on the morning of the foreclosure," but was not allowed to do so.

On February 15, 2022, a hearing on defendants' motions to dismiss was held. At the conclusion of the hearing, the hearing justice granted the motions to dismiss, deeming our opinion in the case of *Woel v. Christiana Trust, as Trustee for Stanwich*

*Mortgage Loan Trust Series 2017-17*, 228 A.3d 339 (R.I. 2020), to be "dispositive." The hearing justice concluded that the notice of default which had been sent to plaintiff "strictly complied" with the terms of the mortgage because the notice specifically referred to his right to reinstate after acceleration, whereas the notice in *Woel* had not done so.

The plaintiff timely appealed the hearing justice's grant of defendants' motions to dismiss.

## II

### Issues on Appeal

On appeal, plaintiff contends that the hearing justice misconstrued his argument by erroneously concluding that plaintiff had argued that "the right to cure and the right to reinstate are synonymous * * *." The plaintiff further contends that, when read together, paragraph 22 and paragraph 19 of the mortgage give rise to an ambiguity.

## III

### Standard of Review

It is well established that "[t]he sole function of a motion to dismiss is to test the sufficiency of the complaint." *EDC Investment, LLC v. UTGR, Inc.*, 275 A.3d 537, 542 (R.I. 2022) (quoting *Pontarelli v. Rhode Island Department of Elementary and Secondary Education*, 176 A.3d 472, 476 (R.I. 2018)). When we review a lower

court's grant of a Rule 12(b)(6) motion to dismiss, we adhere to the same standard as did the hearing justice. *Chariho Regional School District, by and through Chariho Regional School Committee v. State*, 207 A.3d 1007, 1012 (R.I. 2019) (*Chariho*). Ordinarily, "when ruling on a Rule 12(b)(6) motion to dismiss, the trial justice must look no further than the complaint, assume that all allegations in the complaint are true, and resolve any doubts in a plaintiff's favor." *Pontarelli*, 176 A.3d at 476 (brackets omitted) (quoting *Multi–State Restoration, Inc. v. DWS Properties, LLC*, 61 A.3d 414, 416 (R.I. 2013)). With respect to the just-stated rule, we have recognized "a narrow exception for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint." *EDC Investment, LLC*, 275 A.3d at 542-43 (internal quotation marks omitted).

We will affirm a ruling granting "a motion to dismiss when it is clear beyond a reasonable doubt that the plaintiff would not be entitled to relief from the defendant under any set of facts that could be proven in support of the plaintiff's claim." *EDC Investment, LLC*, 275 A.3d at 542 (quoting *Chariho*, 207 A.3d at 1012-13).[5]

---

[5] In their memorandum in support of the motion to dismiss, Wells Fargo and HSBC included a copy of the notice of default, a document which had not been attached to the operative complaint. The hearing justice considered this notice of default and cited its language when he determined whether it complied with the requirements of the mortgage. Because plaintiff did not dispute the authenticity of the notice of default, but only its sufficiency, we are not precluded from referring to

## IV

## Analysis

The plaintiff contends that there is "a glaring ambiguity" in the mortgage. He points out that paragraph 22 requires the borrower to be notified of a date by which default might be cured, which date may not be less than thirty days from the date notice was given to the borrower. The plaintiff contrasts that provision in paragraph 22 with paragraph 19, which he asserts gives the borrower "an unequivocal right to cure his default 'as [if] no acceleration had occurred'" up to five days before the foreclosure sale. (Emphasis omitted.) The plaintiff argues that the requirement in paragraph 22, that notice be given before acceleration, creates a "condition precedent" requiring notification of the "right to cure the mortgage as a component of [his] right to reinstate after acceleration * * *."

Wells Fargo and HSBC argue that the notice of default contained all the information required under paragraph 22, including information as to the right to reinstate the mortgage. They contend that plaintiff "attempts to manufacture ambiguity" by conflating the right to cure a default (referenced in paragraph 22) with the process of reinstatement of the mortgage (referenced in paragraph 19). They argue that these two paragraphs address different actions which take place (if at all)

_____

that document. *See EDC Investment, LLC v. UTGR, Inc.*, 275 A.3d 537, 542-43 (R.I. 2022).

at different times. They assert that "it is misleading to pass off Paragraph 19 as a cure right, when it is actually a reinstatement right" because "[c]uring a payment default is one part of reinstatement, but it is not the only part." The defendants further contend that "a notice *at the time of default* that advised him not just of his right to cure that default, but also would have advised him of the mechanics of his * * * right to reinstate *after acceleration*, even though acceleration would not and could not occur until more than 30-days after the default notice, at the earliest" would have been "confusing and misleading."

Property Wire and Alpha Holdings, LLC have submitted a separate memorandum, adopting in substance the arguments of Wells Fargo and HSBC, and also contending, *inter alia*, that the prejudice plaintiff claims to have suffered is legally irrelevant because this Court has held that the sufficiency of notice is not determined by prejudice.

This Court deals with an alleged contractual ambiguity as a question of law. *Cheaters, Inc. v. United National Insurance Co.*, 41 A.3d 637, 642 (R.I. 2012); *see also Papudesu v. Medical Malpractice Joint Underwriting Association of Rhode Island*, 18 A.3d 495, 497 (R.I. 2011); *Woel*, 228 A.3d at 345.[6] A contract term "is

---

[6] In the event that this Court determines that a particular "contractual provision is ambiguous, the construction of that provision is a question of fact." *Woel v. Christiana Trust, as Trustee for Stanwich Mortgage Loan Trust Series 2017-17*, 228 A.3d 339, 345 (R.I. 2020) (internal quotation marks omitted); *see also Dubis v. East Greenwich Fire District*, 754 A.2d 98, 100 (R.I. 2000).

ambiguous when it is reasonably and clearly susceptible to more than one rational interpretation." *Woel*, 228 A.3d at 345 (quoting *Chariho*, 207 A.3d at 1015). In determining "whether contract language is ambiguous, we give words their plain, ordinary, and usual meaning." *Id.* (internal quotation marks omitted). And "[t]he subjective intent of the parties may not properly be considered by the Court; rather, we consider the intent expressed by the language of the contract." *JPL Livery Services, Inc. v. Rhode Island Department of Administration*, 88 A.3d 1134, 1142 (R.I. 2014) (quoting *Furtado v. Goncalves*, 63 A.3d 533, 537 (R.I. 2013)).

We are in agreement with the hearing justice that our decision in *Woel* is dispositive regarding the alleged ambiguity in the instant case. In *Woel*, we considered two provisions which, for all practical purposes, are the same as those presently before us. *Woel*, 228 A.3d at 340-41, 344. Paragraph 22 of the mortgage requires the lender to "give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement * * *." That paragraph lists the following items which must be included in the notice of default:

> "(a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property."[7]

---

[7] It is important to note that there is absolutely no requirement in paragraph 22 that, in addition to what is set forth in said paragraph, the borrower must also be

Paragraph 22 additionally provides that the notice of default must "inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale." If the borrower does not cure the default by the date in the notice of default, the lender "may require immediate payment in full * * * without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law." (Emphasis in original.)

By contrast, paragraph 19 of the mortgage concerns the borrower's right to reinstate the mortgage after acceleration. Paragraph 19 provides that, if the "[b]orrower meets certain conditions" under that paragraph, the borrower has the right to discontinue "enforcement of [the] Security Instrument" at the earliest of three possible dates: "(a) five days before sale of the Property pursuant to any power of sale in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of a judgment enforcing this Security Instrument." Paragraph 19 then sets forth various conditions that must be satisfied for there to be a reinstatement of the mortgage. But there is no need to discuss those conditions in the context of this case.

While the notice of default in *Woel*, 228 A.3d at 346, failed to inform the

reminded of the provisions of paragraph 19. The latter provisions were expressly set forth in the mortgage document that the borrower initially signed.

- 11 -

borrower in that case that he had the right to reinstate the mortgage after acceleration, the notice of default in this case most definitely did so inform the borrower.[8]  The notice of default in this case informed plaintiff that he was in default, told him how to cure the default, and indicated the date by which the default had to be cured in order for him to avoid acceleration.  The notice of default also informed him that the loan might be accelerated and the property sold.  Finally, he was informed that he had the right to reinstate the mortgage after acceleration and that he had the right to bring a court action to assert the nonexistence of default or any other defense.  We are well aware that "[s]trict compliance with paragraph 22 is essential to ensuring that mortgagors are fully informed of their rights and will not be misled by a default notice provided by a mortgagee." *Woel*, 228 A.3d at 346.[9]  Keeping that principle in mind, it is our definite view that the notice of default which was sent to plaintiff in this case strictly complied with the requirements of paragraph 22.

The plaintiff argues that he had a right to be notified of the deadline to reinstate because the right to cure the mortgage is a component of the right to reinstate.  This argument is unavailing in light of the plain language of the mortgage.  The notice of

---

[8]    Paragraph 22 applied to the notice of default that was sent to plaintiff since, at that point in time, the mortgage had not yet been accelerated.  Paragraph 19 became applicable only *after* the loan had been accelerated.

[9]    We further observed in *Woel* that the right to cure and the right to reinstate are not synonymous. *Woel*, 228 A.3d at 346.

default that was sent to plaintiff specifically included the notice of his right to reinstate the mortgage, as is required by paragraph 22. In stark contrast, paragraph 19 is silent as to the need for any notification of the deadline for reinstatement; nor is the inclusion of the necessity to cure the default as a component of reinstatement enough to create such further notification requirement. It is not the role of this Court to add a requirement that is absent from the document at issue. *See Pearson v. Pearson*, 11 A.3d 103, 109 (R.I. 2011) ("We decline to read nonexistent terms * * * into a contract."); *see also Phico Insurance Company v. Providers Insurance Company*, 888 F.2d 663, 667 (10th Cir. 1989) ("We recognize the universal rule that courts will not make contracts under the guise of judicial interpretation, but must enforce them in accordance with their clear and unambiguous language.").

In our judgment, plaintiff seeks to read into paragraph 22 a requirement that is simply not there. Paragraph 22 is highly specific as to the information that must be provided to the borrower in the notice of default before acceleration of the mortgage can occur. However, paragraph 22 is absolutely silent as to any requirement that the borrower be advised that said borrower has the right to reinstate the mortgage (provided that there is compliance with certain stated conditions) *up to five days before the sale of the property*. The borrower is granted that right in paragraph 19, which presumably the borrower has read upon signing the mortgage. Critically, however, neither paragraph 22 nor our decision in *Woel* requires that the

borrower be re-advised of that right in the notice of default. We discern absolutely no basis for plaintiff's claim that there is an ambiguity in the mortgage. *See Papudesu*, 18 A.3d at 498.

The plaintiff additionally argues that his case should not be governed simply by the standard of strict compliance articulated in *Woel* because he suffered actual prejudice from not having been notified of the deadline to reinstate the mortgage. He asserts that, if he had received notice that the deadline for reinstating the mortgage was five days before the foreclosure auction, he would have paid the sum due before that deadline and "would not have lost his residential home." However, the prejudice which plaintiff claims to have suffered is not a factor to be weighed in this context. *See Woel*, 228 A.3d at 347 (stating that paragraph 22 in the mortgage at issue here "demands strict compliance, regardless of the existence, or not, of prejudice to a particular mortgagor") (quoting *Pinti v. Emigrant Mortgage Company, Inc.*, 472 Mass. 226, 238 n.20, 33 N.E.3d 1213, 1223 n.20 (2015)). There has been strict compliance in this case because "[w]e look to the content of the notice of default itself, not the particular facts related to the mortgagor." *Id.*

The plaintiff also contends that the notice of default included "additional and unnecessary language" that "negates strict compliance with proper notification" in view of the fact that it states that "any future negotiations attempting to reinstate your loan * * * shall not require * * * waiver of the acceleration unless otherwise

agreed to * * *." Although the plaintiff has contended before us that this statement "water[ed] down" the right to reinstate, he did not raise this issue before the hearing justice in opposing the motions to dismiss. Accordingly, we deem the issue to have been waived. *See Federal National Mortgage Association v. Malinou*, 101 A.3d 860, 865 (R.I. 2014) ("According to this Court's well settled raise-or-waive rule, issues not properly presented before the trial court may not be raised for the first time on appeal."); *see also Decathlon Investments v. Medeiros*, 252 A.3d 268, 270 (R.I. 2021).[10]

## V

## Conclusion

For the reasons set forth in this opinion, we affirm the order of the Superior Court granting the defendants' motions to dismiss. The record may be returned to that tribunal.

Justice Lynch Prata did not participate.

---

[10] In approaching this case, we have applied our longstanding principles relative to the interpretation of contracts; and we have no reason to doubt the correctness of our conclusion. Having said that, we feel obliged to say that we are dismayed by foreclosure counsel's refusal to consider and seek immediate verification of plaintiff's statement that he actually had the funds necessary to cure the default on the morning of the foreclosure. It does not seem to us that it would have been unduly burdensome for counsel (although not legally required to do so) to seek verification of plaintiff's assertion (even though made after the deadline set forth in paragraph 19) that he actually had the necessary funds. Taking that step would have been a laudable professional courtesy.

- 15 -

## STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE
Licht Judicial Complex
250 Benefit Street
Providence, RI  02903



## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Steven Serenska v. Wells Fargo Bank, N.A., et al. |
| **Case Number** | No. 2022-229-Appeal.<br>(PC 21-3203) |
| **Date Opinion Filed** | February 8, 2024 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, and Long, JJ. |
| **Written By** | Associate Justice William P. Robinson III |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice R. David Cruise |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Todd Dion, Esq. |
| | For Defendants:<br><br>John S. McNicholas, Esq.<br>David Edward Fialkow, Esq. |